## P. F. RIPLEY v. THE STATE.

### No. 337. Decided March 16, 1910.

**1.—Murder—Charge of Court—Defense of Another.**

Where, upon trial for murder, the evidence showed that if the defendant fired a shot at all he fired from a different standpoint than where he was placed by the State's evidence, and also tended to show that it was fired in defense of others, the court should have submitted a charge upon this phase of the case.

**2.—Same—Charge of Court—Conspiracy.**

Where, upon trial for murder, the evidence tended to show that if the defendant fired it was after the fatal shot was fired by someone else, and that defendant was not acting with others who fired the fatal shot, this issue should have been submitted.

**3.—Same—Charge of Court—Alibi.**

Where, upon trial for murder, the evidence raised the issue of alibi, the court should have given defendant's requested charge thereon.

**4.—Same—Evidence—Silence of Defendant.**

Where, upon trial for murder, the State was permitted to introduce testimony that after defendant was arrested he remained silent, the same was reversible error. Following Simmons v. State, 50 Texas Crim. Rep., 527 and other cases.

**5.—Same—Evidence—Absent Witness—Ex Parte Affidavit.**

Upon trial for murder there was no error in admitting testimony in the shape of an ex parte affidavit that the State's witness had left the State and was no longer a citizen thereof; and also that said witness stated when he left that he was going to another State to live.

**6.—Same—Evidence—Testimony of Absent Witness—Predicate.**

Where, upon trial for murder, the State was permitted to reproduce testimony of an absent witness on the ground that he had left the State, but there was no evidence to show that the witness did so reside beyond the limits of the State at the time of the trial and that the purported affidavit had been in fact signed by him, there was not a sufficient predicate laid to reproduce his testimony.

**7.—Same—Evidence—Acts of Third Parties.**

Where, upon trial for murder, the defendant had introduced testimony to

show that the party who fired from a certain direction at the time of the homicide was not the defendant, it was reversible error to permit the State on cross-examination to show that the defendant's witness had not reported this fact to the officers at the time; the witness himself having been placed under arrest for the homicide but afterwards discharged.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baker & Thomas* and *Taylor & Gallagher,* for appellant.—On question of introducing in evidence defendant's silence: Cases cited in opinion.

On question of introducing ex parte affidavit of absent witness, etc.: Smith v. State, 48 Texas Crim. Rep., 65, 85 S. W. Rep., 1153; State v. Wright, 30 N. W. Rep., 388; Watkins v. State, 32 So. Rep., 627; Dennis v. State, 23 So. Rep., 1002; McCollum v. State, 29 Texas Crim. App., 162.

On question of court's failure to charge the jury if an unknown or another person fired the fatal shot, to acquit the defendant: Smith v. State, 52 Texas Crim. Rep., 27, 105 S. W. Rep., 182; Walker v. State, 29 Texas Crim. App., 621, 16 S. W. Rep., 548; Cecil v. State, 44 Texas Crim. Rep., 450, 72 S. W. Rep., 197; Wood v. State, 28 Texas Crim. App., 14, 11 S. W. Rep., 678; Guffee v. State, 8 Texas Crim. App., 187.

On question of court's failure to charge on alibi as requested: Allen v. State, 45 Texas Crim. Rep., 468, 76 S. W. Rep., 458; Wilcher v. State, 47 Texas Crim. Rep., 301, 83 S. W. Rep., 384; Ballentine v. State, 52 Texas Crim. Rep., 369, 107 S. W. Rep., 546; Wright v. State, 56 Texas Crim. Rep., 353, 120 S. W. Rep., 458.

On question of court's charge on self-defense: Thornton v. State, 65 S. W. Rep., 1105; Drake v. State, 46 Texas Crim. Rep., 448, 80 S. W. Rep., 1005.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is the second appeal, the first being reported in 51 Texas Crim. Rep., 126. In a general way, we refer to the report of that case for a statement of the material facts embodied in this record. Appellant this time, however, was convicted of manslaughter. Many questions are suggested for revision in regard to the charge of the court and the refused requested instructions. Many of these will be eliminated upon another trial by reason of the fact that murder in either degree can not arise upon another trial. The question in regard to conspiracy and such matters as pertain to the idea that appellant was in a conspiracy for the purpose of killing deceased, are eliminated by the fact that the jury acquitted of both phases of murder.

The charge of the court upon another trial will be confined to the issue of manslaughter for the State, and self-defense both as applicable to appellant in his own behalf, and especially in regard to the defense of another or others. In this, as in the former trial, the lines are very sharply drawn between the State and appellant as to who was the aggressive party in the difficulty. There is evidence for the State to the effect that a torpedo was exploded upon the streetcar track or a pistol fired. It is further in evidence that the guards upon the street car immediately jumped off and began firing. Appellant's testimony is to the effect that the guards from the street car began the difficulty by firing first in the direction of the alley. None of the witnesses place appellant in the alley or near the alley; he was in a different direction, and if he fired at all, he fired from a different standpoint and from a different direction. The evidence is sharply in conflict as to whether appellant fired during the trouble, and there is evidence that he was not even present at the point where the State sought to show that he was and from which he fired. His evidence shows that he had left the scene of the trouble before the firing began, and was en route home at the time of the shooting. The witness Clark testified that when he returned to the car he noticed the fact that deceased Hayes was shot in the right side, or rather just above the groins, and was in the act of falling; that he eased him down, and was giving him some attention when he heard a shot fired from the direction of Merrick's corner; that he immediately gave his attention to the party who fired the shot, and himself fired in return; that the firing at that point ceased, and he paid no further attention to it, devoting the remainder of his time to deceased, and finally succeeded in placing deceased upon the car, and the car moved on. Clark makes it further apparent that the shot from Merrick's corner did not strike the deceased; that the ball struck the pavement or· ground near where he and deceased were. In fact, under his testimony it is beyond question that deceased had been shot and wounded before the firing occurred from Merrick's corner, where the State's evidence undertook to place appellant. Under this state of case, upon another trial, the court should instruct the jury, in substance, that if appellant fired in defense of others, he would not be guilty of culpable homicide, as well as upon the theory that if he shot of his own accord, without being in harmony or sympathy, or acting together with those who were firing from the alley, that he would not be responsible for the death of deceased, unless the State should show that one of the shots fired by him produced the wound in the body of deceased. These issues are sharply presented by the evidence and should be given upon another trial. We make these remarks in a general way without going into a detailed criticism of the charge of the court and the refused instructions, of which there were quite a number. But, as before stated, all issues of murder are now eliminated from the case, and only those issues in regard to manslaughter and self-defense will be given upon

another trial, and we also suggest that appellant's theory of alibi be given in charge to the jury.

A bill of exceptions recites that while the witness Dollins was testifying in behalf of the State, and having testified that he went to the residence of appellant some hours after the killing and informed appellant that they had come to arrest him, and that he was city marshal at the time and was accompanied by the constable and two policemen, the State then propounded to the witness the following question: "Q. Without stating anything that he said, did Mr. Ripley make a statement to you at that time? A. No, sir." Appellant objected to the question and answer on the ground that appellant was under arrest, that the testimony was improper, illegal, and prejudicial, and moved the court to exclude from the jury the question and answer for the reasons stated. The court overruled these objections, and permitted the question and answer to go to the jury as evidence in the case. We are of opinion that this was error. See Gardner v. State, 34 S. W. Rep., 945; Simmons v. State, 50 Texas Crim. Rep., 527; Wright v. State, 37 Texas Crim. Rep., 627; Fulcher v. State, 28 Texas Crim. App., 465; Denton v. State, 42 Texas Crim. Rep., 427. Silence of a defendant under arrest can not be used as evidence against him.

Other bills of exception were reserved to the introduction of the testimony of an absent witness named Roberts. Generally stated, the bills show the State proved by the county attorney, as a predicate for reproducing Roberts' evidence, that the affidavit set out in one of the bills of exception was prepared by him and mailed by him to the address of Roberts in Colorado, furnished to him, witness, either by Mr. Roberts himself, or Mr. Stratton, just after Mr. Roberts left, and that it was returned to him, the witness, through the mails, made out and sworn to by Roberts, which affidavit offered in evidence by the State is as follows:

"Before me, the undersigned authority, on this day personally appeared W. H. Roberts, known to me to be the person whose name is subscribed hereto, and being by me duly sworn, deposes and says that he is an actual, bona fide inhabitant of the State of Colorado, and that he is no longer a citizen of the State of Texas, and that he has been an inhabitant of the State of Colorado for twenty-four months.
                                        "(Signed) Will H. Roberts.
"Sworn to and subscribed before me this, the 23d day of October, 1907.
                              "(Signed) Horace W. Kennedy,
                                             "Notary Public."

Appellant excepted on the ground that it was not shown that Will H. Roberts, who made the affidavit, is the same Will H. Roberts who testified on a former trial of this case, and whose testimony is sought to be reproduced and introduced upon the predicate of this affidavit,

and on the further ground that said affidavit purported to have been made on the 23d of October, 1907, two and one half years before this trial; and it is not shown where the affiant was living at the time of the trial, and whether he is a resident of some foreign jurisdiction or not; and on the further ground that the affidavit is an ex parte statement of some one unknown to defendant, and that the defendant had no opportunity to cross-examine the affiant on the fact stated in said affidavit; that there was no other predicate laid for the introduction of said affidavit, and the court heard said objections and overruled same, and that the affidavit was read to the jury as evidence in the case as a predicate for the admission of the testimony of Judge Sam R. Scott, attempting to reproduce in evidence the testimony of Will H. Roberts, claimed to have been given at a former trial of this case. Another bill of exceptions recites that after the defendant's objection to the testimony of Judge Sam R. Scott, attempting to reproduce the testimony alleged to have been given by the absent witness, W. H. Roberts, on a former trial in this case, had been overruled, and while the witness Judge Sam R. Scott was testifying concerning the testimony of said absent witness, W. H. Roberts, the State, by its county attorney, who had previously been sworn as a witness, was permitted as a further predicate for the introduction of said testimony to prove as follows: "Roberts told me before he left Waco that he was going to Colorado to live, and he either then gave his address, or I later got it from Mr. Stratton." Various objections were urged also to this and to the whole predicate as being insufficient. We are of opinion that this was admissible. But we are of opinion the predicate is not sufficient. This case was tried and judgment rendered on March 17, 1909; the affidavit of Roberts was made in October, 1907. There was nothing to indicate at the time of the trial where Roberts resided, or that he was out of Texas. The evidence shows that he had been living in Colorado twenty-four months when the affidavit was taken, and that when he left Waco he said he was going to Colorado. Nor is it undertaken to be shown, except inferentially from above statements, that the Roberts who signed the affidavit is the Roberts who was in Waco at the time of the trouble, or the same Roberts who had previously testified in the case. Under the authorities in this State this predicate is not sufficient. Menges v. State, 21 Texas Crim. App., 413; Martinas v. State, 26 Texas Crim. App., 91; Sullivan v. State, 6 Texas Crim. App., 319; Garcia v. State, 12 Texas Crim. App., 335. There are numerous other cases that might be cited in support of the contention that the predicate is not sufficient. McCollum v. State, 29 Texas Crim. App., 162; Smith v. State, 48 Texas Crim. Rep., 65, 85 S. W. Rep., 1153; Watkins v. State, 32 So. Rep., 627; Dennis v. State, 23 So. Rep., 1002.

Another bill of exceptions recites the fact that appellant, through the witness Tennyson, proposed to prove that he was present at the time and place of the shooting at which Harry Hayes was killed, and

that he saw one shot fired from Merrick's corner; that he did not know the gentleman who fired and that witness was about twelve feet from the man when he fired, and that said party had on a black hat, and that he was a slick face, small man; and after firing said shot so seen by the witness, John Tennyson, that said man went down Austin Street toward the city hall. Tennyson described an entirely different man from appellant and one who traveled from the scene of the tragedy in opposite direction from that pursued by appellant, as shown by the State's evidence. The State then on cross-examination asked the witness the following question: "Did you report to the officers that night about this man? (referring to shooting by said unknown man on Merrick's corner). Appellant objected on the ground that under the circumstances of this case the failure to report such incident to the officers on that night or any other time was immaterial. The witness was required to answer the question, and he did answer by testifying before the jury that he did not report said act to the officers that night or any other time. In this connection it was shown that Tennyson was arrested almost immediately after the shooting, charged with being a principal therein, and that the prosecution against him was pending for several years after the killing of Harry Hayes, and that said prosecution was finally dismissed by the State. Under the circumstances, we are of opinion this evidence was not admissible. Appellant could not and ought not to be bound by the failure of Tennyson to report those facts that night to the officers. The witness himself was placed under arrest charged with the offense, and his failure to tell the officers what he saw at the time ought not to be used against appellant. We are of opinion that under the circumstances this was not proper evidence even for the purpose of impeachment of this witness.

There are other bills of exception in the record similar to the bill of exceptions in regard to the witness Stewart's testimony, which we deem unnecessary to discuss. These will be regarded as disposed of by what was said in regard to Stewart's testimony.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.