## TOM THOMPSON v. THE STATE.

No. 5915. Decided October 20, 1920.

**Assault to Murder—Evidence—Silence of Defendant—Confession.**

Where, upon trial of assault with intent to murder, the defendant testified to circumstances that would show the State's theory false, placing him in the attitude of not shooting at the party injured, etc., the fact that he remained silent with reference to these facts and circumstances at the time of his arrest should not be used as a matter of impeachment, and where this was done over his objection, the same is reversible error. Following: Ripley v. State, 58 Texas Crim. Rep., 489, and other cases.

Appeal from the District Court of Camp. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Hutchings & Engledow,* for appellant.—On question of defendant's silence: Simmons v. State, 50 Texas Crim. Rep., 527; Wright v. State, 37 id., 627; Denton v. State, 42 id., 427, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder and allotted five years in the penitentiary.

The evidence discloses two theories. The State's contention was put in evidence by the assaulted party, appellant's wife. She says she had been to church, and came home about 11 o'clock at night; that when she and her husband retired she accused him of being intimate with another woman, using pretty vigorous language. Finally her husband got up, got his gun and reached in the drawer of the dresser to get some shells and she broke and ran and as she passed out of the door onto the gallery appellant shot, wounding her in the arm and side. Appellant's testimony is to the effect that after they retired he heard a noise in an adjoining room, got up to see what produced it, and while he was getting his cartridges from the dresser a man ran out by him and he undertook to shoot him, and that his wife ran between himself and the man and in trying to reach the man he stumbled and the gun fired accidentally shooting his wife; that he chased the man down the street but failed to catch him. This is the substance of the opposing contentions.

Appellant testified in his own behalf, to the above statement. The sheriff was placed upon the stand as a witness and testified that he

went to appellant's residence shortly after the trouble and arrested appellant. The State then undertook to impeach appellant by showing that he did not make a statement to the sheriff at the time of his arrest as he had testified, and in fact made no statement. Over objection he was required to testify that he did not make such statement to the sheriff. Various grounds of objection were urged. It will be noticed that this was not the offered testimony of a statement that appellant had made, but it was proving the fact that he made no statement, especially the statement with reference as to how the shooting occurred. We are of opinion that the court was in error in requiring appellant to answer the question. He was asked nothing about the matter, and said nothing about the matter to the sheriff. it was simply a question of silence. It is, therefore, we think unnecessary to discuss what might have been the attitude had he made a confession while under arrest and unwarned. That involves a different question. Here we have the simple question presented that appellant may be impeached by failing to make a statement and in keeping silent at the time of his arrest and while under arrest. We do not think this is permissible. It has been the subject of a number of decisions. See Ripley v. State, 58 Texas Crim. Rep., 489, where quite a number of cases are collated; also Branch's Ann. P. C., p. 39, for collation of cases. This may have been materially damaging to defendant's case. The fact that he testified to circumstances that would show the State's theory false, placed him in the attitude of not shooting his wife intentionally but accidentally in trying to shoot the man whom he believed was her paramour. The fact that he remained silent with reference to these facts and circumstances when arrested should not be used as a matter of impeachment. It was a vital question in the case from his view point.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*