C. A. Skirlock v. The State.

No. 9043.   Delivered May 13, 1925.

**Burglary—Argument of Counsel—Wholly Unwarranted—Reversible Error.**

Where the District Attorney in his argument to the jury stated, "Gentlemen of the jury, if you had been arrested charged with burglarizing the home of J. B. Jones, as was the defendant, wouldn't you have explained to the officers that you had nothing to do with it, and not sit silent as the defendant when arrested." The conviction will be reversed. Following Thompson v. State, 88 Tex. C. R. 29, and an unbroken line of decisions of this court.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of burglary; penalty, three years in the state penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jones County for the offense of burglary and his punishment assessed at confinement in the penitentiary for a term of three years.

This court is forced to the necessity of reversing this case on a matter that ought never to occur during the progress of any trial. Proper exception was reserved to the following argument made by the district attorney to the jury: "Gentlemen of the jury, if you had been arrested, charged with burglarizing the home of J. B. Jones, as was the defendant wouldn't you have explained to the officers that you had nothing to do with it, and not sit silent as did the defendant when arrested."

This was clearly error, Rippley v. State, 58 Texas Crim. App. 489, and the many cases there cited. Thompson v. State, 88 Texas Crim. Rep. 29.

Under our law the defendant when arrested has the unqualified right to choose either of two courses, he may talk under the penalty of having what he says under some conditions used against him, but in no event can it be used for him; on the other hand he may stand mute with the full assurance that his silence cannot be used in evidence against him. According to the argument objected to, appellant chose to remain silent, and having made this choice, it was manifestly wrong for counsel to use this silence as a circumstance of guilt.

Another vice in the argument is that it had no support in the evidence and under our law could have none. No witness testified to appellant's silence save the district attorney, and he was not competent to testify because he was unsworn. It is well settled that unsworn statements of State's counsel on a material fact that are harmful to the defendant will require a reversal. Haygood v. State, 269 S. W. 438, and the authorities there cited.

Our State's Attorney confesses error in this matter in both of the particulars above mentioned and we hold that he is correct in regard thereto.

Appellant seriously contends that the facts are insufficient to sustain the verdict, and the court should have instructed an acquittal.

In view of another trial we pretermit a discussion of the facts further than to say that in our opinion the court did not err in refusing to instruct an acquittal.

For the error above discussed, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.