## CLARENCE JOHNSON V. THE STATE.

No. 9229.    Delivered May 20, 1925.

**1.—Murder—Evidence—Silence of Accused—Not Admissible.**

Where on the trial of a charge of murder, the state was permitted to prove by two witnesses that they saw the accused after the homicide, and he made no explanation of the killing and did not claim to them that it was accidental, for this error the cause must be reversed.

**2.—Same—Continued.**

Under our bill of rights the appellant cannot be forced to give testimony against himself, and it follows as a natural sequence to this proposition that he will not be forced to talk concerning an offense that has been charged against him, when he is not called on directly, or by circumstances for an explanation, or when no accusation is made by the witnesses against him, under the penalty of having his silence used as a circumstance against him. Following Skirlock v. State, recently delivered and authorities collated in that case.

Appeal from the District Court of McLennan County.    Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of murder; penalty, forty years in the penitentiary.

The opinion states the case.

*Joe W. Taylor, A. C. Price,* and *Miller & Bartlett,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of McLennan County, for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of forty years.

Briefly stated, the facts show that appellant was the son-in-law of deceased, having married his daughter a few months before the tragedy, and at the time thereof was living about three hundred

yards from the home of the deceased and working land belonging to deceased. There were no eye witnesses to the killing except appellant's wife. She explained the killing as being occasioned by the fact that appellant was handling a gun in the kitchen where she was cooking supper and her father was standing in the kitchen door and the gun went off accidently, killing the deceased. The state sought to contradict this explanation by circumstances, such as appellant's failure to attend the funeral and his failure to explain the killing to other people. This is a sufficient statement of the facts to enable a proper understanding of the questions hereinafter discussed.

By bill of exceptions No. 6, appellant complains of the court's action in permitting the witness Fowler to testify that he was a brother-in-law of deceased and that he saw defendant the day after the killing and that defendant did not explain or attempt to explain to witness how deceased met his death.

Complaint is also made by bills of exception No. 7 and 8, to the action of the court in permitting the wife of deceased to testify that nearly a month after the killing, she saw the defendant for the first time since the homicide and that he did not explain to her how deceased met his death and that he did not tell her how he happened to kill deceased and did not tell her he was fooling with a gun at the time and that it was accidentally discharged.

The record negatives the idea that either of these witnesses asked the appellant for any explanation of the killing and negatives the idea that either of them said anything to him at the time that would call for an explanation or a discussion of the killing. The testimony was clearly inadmissible. Skirlock v. State, not yet reported. Ripley v. State, 58 Tex. Cr. App. 489, and the cases there cited. Thompson v. State, 88 Tex. Cr. App. 29.

Based on the opinions by Judge Davidson in the Ripley case, and the Thompson case, *supra,* the following language is used in the Skirlock case:

"Under our law the defendant when arrested has the unqualified right to choose either of two courses, he may talk under the penalty of having what he says under some conditions used against him, but in no event can it be used for him; on the other hand he may stand mute with the full assurance that his silence cannot be used ir evidence against him."

It is true that in the above cases the appellant was under arrest at the time the evidence showed that he remained silent but to our minds, the principle involved in the matter is the same. Those cases did not turn on the question of a statement while under arrest but on his failure to make any statement. Under our bill of rights the appellant cannot be forced to give testimony against himself and it

follows as a natural sequence to this proposition that he will not be forced to talk concerning an offense that has been charged against him, when he is not called on directly or by circumstances for an explanation or when no accusation is made by the witnesses against him, under the penalty of having his silence used as a circumstance in evidence against him. This holding is in nowise in conflict with that line of decisions wherein the silence of the accused may be admitted in evidence where an accusation is made against him or where other matters are discussed in his presence that would naturally call for a statement from the appellant. As above stated, the record in this case thoroughly negatives the idea that any reference was made to this homicide by either the witness Fowler or by the wife of deceased and no statement was made by either of them and no pretense is made that any statement was made by either of them that would in any wise call for an explanation of the killing by this appellant.

We have here a clear case of where silence was the sole substance of appellant's sinning and under the provisions of our bill of rights which provides that a party charged with crime shall not be forced to give evidence against himself, we hold that the mere silence of a party under the circumstances above detailed in this case cannot be used against him and its admission in evidence is reversible error. Ritter v. State, 92 T. C. R. 247, and cases there cited.

Appellant seriously contends that the evidence is wholly insufficient to support the verdict. In view of the fact that the state's case may be different on another trial, we pretermit a detailed dicussion of the facts. We feel construed to say however that we are not entirely satisfied that the evidence offered on his trial is sufficient to overcome the presumption of innocence.

For the error in admitting the testimony above disclosed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.