### O. J. BROWN v. THE STATE.

No. 8718.　Delivered October 28, 1925.

**1.—Perjury—Evidence—Silence of Accused—Not Admissible.**

Where on a trial for transporting intoxicating liquor, upon which said trial the instant case of perjury is assigned, appellant testified that the reason he fled from the officers who were attempting his arrest, was because

he did not know they were officers, but thought them robbers, and during his flight had thrown his pocket-book containing $45.00 away, it was error to permit the state on cross-examination to prove by him that after his arrest, and while in jail he had not made such explanation to the officers and for the district attorney in his argument to use his silence as evidence of his guilt. Following Thompson v. State, 85 Tex. Crim. Rep. 29 and other cases cited.

**2.—Same—New Trial—Misconduct of Jury—Improperly Refused.**

Where in his motion for a new trial appellant set out as ground for same, the reception by the jury of other evidence after their retirement in that the foreman had stated to all, or some of the jurors that the appellant had been convicted of transporting intoxicating liquor, on which trial the present case for perjury grew, and having sustained his allegations by a number of the jurors when his motion was heard, the court erred in refusing him a new trial. Art. 753 C. C. P.

**3 —Same—Continued.**

It has been held many times that where, after their retirement the jury receives other evidence damaging to appellant, the presumption of injury will obtain, and that the burden rests upon the state to rebut such presumption. Following Hall v. State, 92 Tex. Crim. Rep. 1; Gilbert v. State, 85 Tex. Crim. Rep. 608; McDougal v. State, 81 Tex. Crim. Rep. 187.

**4.—Same—Charge of Court—Credibility of Witness—Improperly Refused.**

Where upon a trial for perjury, the state relies for a conviction upon the testimony of two witnesses as to the falsity of the alleged testimony, and the credibility of one of such witnesses is assailed by evidence to the effect that his general reputation for truth and veracity was bad, it was error for the trial court to refuse to instruct the jury that if they believed the witness in question was not credible to disregard his testimony. Our statute Art. 723 C. C. P. does not permit a conviction of perjury except upon the testimony of two credible witnesses, or of one credible witness, strongly corroborated by other evidence. Following Smith v. State, 22 Tex. Crim. App. 196, Kitchen v. State, 29 Tex. Crim. App. 45.

Appeal from the District Court of Coleman County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of perjury; punishment, two years in the penitentiary.

This is the second appeal of this case, the opinion upon the former appeal will be found in the 95 Tex. Crim. Rep. 343.

The opinion states the case.

*Baker & Weatherred,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for perjury with punishment fixed at two years' confinement in the penitentiary.

This is the second appeal. The opinion upon the first will be found reported in 95 Tex. Crim. Rep. 343, 254 S. W. 995.

On the 2d day of November, 1921, appellant was tried upon an indictment charging him with the 'unlawful transportation of intoxicating liquor. He testified that he had no whiskey in his automobile at the time he was arrested by the officers, nor during the time they were pursuing him in an effort to effect his arrest. Perjury was assigned upon these statements it being averred that in fact he did have whiskey in his car at the times mentioned. .

He was convicted for the unlawful transportation of intoxicating liquor, an appeal taken, and the judgment in that case was reversed in an opinion delivered October 7th, 1925. (Brown v. State, No. 8717). One of the exact points upon which a reversal of that judgment was predicated also appears in the present record. Upon this trial for perjury appellant again testified that he had no whiskey in his car at the time he was fleeing from the officers nor when arrested, and explained his flight by stating that he did not know they were officers, but thought they were robbers; that during his flight he threw away his pocket book containing some $45 in money. Upon cross-examination, over objection, the State elicited the admission that after he had been arrested and was being taken to jail by the officers he did not tell them about having thrown his purse away. The silence of appellant upon this subject was adverted to in the argument by the State's attorney as contradictory of appellant's explanation of his flight, arguing that the explanation now given upon the trial was untrue or he would have told the officers about it after discovering they were not robbers. It was held in the other case that after his arrest the State could not avail itself of his silence as evidence of guilt, nor as destructive of the explanation of his conduct. The exact point is again presented here. The inquiry of appellant and the argument based upon his silence while under arrest must be held to have been erroneous. Thompson v. State, 88 Tex. Crim. Rep. 29, 224 S. W. 892; Ripley v. State, 58 Tex. Crim. Rep. 489; 126 S. W. 588; Johnson v. State, 272 S. W. 783; Williams v. State, 272 S. W. 783; Skirlock v. State, 272 S. W. 782; Branch's Ann. P. C., Sec. 64.

Appellant based his motion for new trial in part upon Article 753 C. C. P. (formerly 837) providing that a new trial shall be granted:

"where the jury, after having retired to deliberate upon a case, have received other testimony or where a juror has conversed with any person in regard to the case."

It has averred in the motion that after the jury retired one of them imparted to others information that appellant's trial for unlawfully transporting intoxicating liquor had resulted in a conviction and his punishment therefor had been fixed at two years' confinement in the penitentiary, and that this evidence improperly received was used to appellant's injury. This allegation in the

101 T. C.—41.

motion was supported by the affidavit of three jurors. All of the jurors were introduced either by the State or appellant upon the hearing of said motion. There is some conflict in their testimony as to the manner in which the matter came up, but the evidence leaves no doubt that the foreman of the jury informed some of the other jurors that appellant had been convicted in the very case out of which this prosecution for perjury grew and had been given a term of two years in the penitentiary. At the time this information was given the jury stood seven for conviction and five for acquittal. Some of the jurors claimed not to have heard the statement made by the foreman, nor the discussion which followed it, but do not say it could not have occurred without their knowledge. All of them agree that at times during the deliberation the jurors were not all together, but were discussing the case in separated groups. It further appears from the evidence that after this information of a conviction in the transportation case was communicated it was used by some of the jurors who were contending for conviction to induce those jurors who up to that time had been for acquittal to agree to a conviction in the present case upon the ground that as appellant had already been convicted and received two years in the transporting case it would do him no injury to convict him upon the perjury charge and give him a like number of years as the sentences could be served concurrently. No evidence had been introduced before the jury showing the result of appellant's trial upon the charge for unlawfully transporting liquor. It would have been improper to have made such proof. Brown v. State, 95 Tex. Crim. Rep. 343, 254 S. W. 995; James v. State, 88 Tex. Crim. Rep. 656, 228 S. W. 941; Bennett v. State, 47 Tex. Crim. Rep. 52, 81 S. W. 30. This information which was not and could not have been legitimately placed before the jury was received by them while deliberating upon the case. One of the jurors seemed not to be satisfied with the information imparted by the foreman and asked the officer in charge of the jury if it was a fact that appellant had been convicted upon the charge of transporting whiskey and given two years in the penitentiary. The officer told him he thought it would not be proper to answer the question. The juror then told the officer the foreman said he had seen it published in the paper, whereupon the officer said he thought it had been so published. It has been held many times that where after retirement the jury receives other evidence damaging to appellant the presumption of injury will obtain, and that the burden rests upon the State to rebut such presumption. Hall v. State, 92 Tex. Crim. Rep. 1, 241 S. W., 154; Gilbert v. State, 85 Tex. Crim. Rep. 608, 215 S. W. 111; McDougal v. State, 81 Tex. Crim. Rep. 187, 194 S. W. 944, and many other authorities cited in those referred to. In the present instance appellant established not only that evidence was improperly received by the jury, but went

further than the law required of him and also showed that it was used to his injury. Some of the jurors who had been holding out for acquittal testified that they agreed to the verdict in the present case—having doubt as to whether appellant was guilty on the perjury charge—on the theory that he already having been convicted and received two years it would do him no harm to render a verdict of guilty in the present case and assess a like punishment upon the assurance of other members of the jury that the two sentences would run concurrently. In overruling the motion for new trial on the point just discussed the court stated that in his judgment the evidence did not disclose any wrong done appellant, and further stated that he believed jurors should not be permitted to impeach their verdict in such manner. Upon the first reason assigned we have already expressed our opinion. On the second we think the learned trial judge misapprehended the application of the rule in not permitting jurors to impeach their verdict. We are not dealing with a case where jurors attempt to show that they misapplied or misappropriated evidence which was legitimately before them, or where they based their verdict upon an erroneous argument indulged in by some of the jurors with reference to legitimate evidence. In such character of case it might be well said that jurors could not so impeach their verdict. Here, however, we have a case where improper evidence was received after the jury retired, and proof of the use made of it was for the purpose of showing that the evidence illegally obtained was appropriated to the hurt of accused.

The State relied largely upon the testimony of witnesses, Taylor and Wester, to substantiate the falsity of the testimony given by appellant upon which perjury was predicated, the evidence of said Wester and Taylor being corroborated to some extent by other witnesses. The court properly instructed the jury that a conviction for perjury could not be had except upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence, and also properly defined a credible witness as one who being competent to testify is deemed worthy of belief. Appellant made a direct attack upon the credibility of witness, Wester, offering a number of witnesses who testified that his general reputation for truth and veracity was bad. The State supported him by witnesses who testified that his general reputation in that respect was good. With this issue thus sharply drawn appellant requested the court to instruct the jury if they had a reasonable doubt as to the credibility of the witness, Wester, they should find on said issue in favor of appellant. This charge was refused. It has been held that where the credibility of one of the witnesses upon whom the State relies to establish perjury has been assailed it is improper to refuse to instruct that if the jury believe the witness in question is not credible they should disregard his testimony. (Smith

v. State 22 Tex. Ct. App. 196.) Where the State relies on two witnesses only, and one is assailed, it has only been held error to refuse an instruction that if the jury believe the party so assailed was not a credible witness they should acquit. (Kitchen v. State, 29 Tex. Crim. App. 45.) Such charge as last referred to would not have been appropriate in the present case because as we understand the record there was corroborating evidence to support the testimony of Taylor, even if the evidence of Wester had been disregarded. Appellant apparently recognized this to be true and formulated his requested charge in language which informed the jury that if under the evidence before them they entertained a reasonable doubt as to whether Wester was a credible witness they should find upon that issue in favor of appellant. The facts of this case we think called for the giving of such charge or one of similar import. Such instruction would not be called for in an ordinary case where a witness had been attacked by proof that his general reputation for truth and veracity was bad, but in a perjury prosecution where the statute does not permit a conviction except upon the testimony of two credible witnesses, or one credible witness strongly corroborated by other evidence (Art. 723, formerly Art. 805, C. C. P.) we think such a charge not inappropriate.

Many other matters are assigned as error but we pretermit discussion of them as they will likely not arise upon another trial.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*