CECIL RUSSELL V. THE STATE.

No. 12043.   Delivered January 16, 1929.

The opinion states the case.

*Critz & Woodward* of Coleman and *W. A. Johnson* of San Angelo for appellant.   On silence of accused, appellant cites: Brown v. State, 275 S. W. 1069; Roger v. State, 71 S. W. 19; Weaver v. State, 65 S. W. 534; Thompson v. State, 274 S. W. 892; Ripley v. State, 126 S. W. 586 and Johnson v. State, 272 S. W. 783.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for two years.

Appellant accounted for his presence in the burglarized house in a manner that would have exonerated him if his testimony had been believed by the jury.   In his argument the district attorney in effect stated to the jury that appellant made no explanation concerning his connection with the burglary at the time he was arrested by an officer; that if he (the district attorney) had been caught under such suspicious circumstances he would immediately have told the officer that another man committed the offense.   The argument carried the

imputation that appellant's silence at the time of his arrest was destructive of the truthfulness of his explanation given at the time of the trial. Timely objection was made to the argument and proper written instruction presented to the court. The court overruled the objection and refused to give the instruction. Error was committed. The state would not be permitted to prove that appellant remained silent at the time he was arrested. It follows that it was error to advert to appellant's silence as being destructive of his explanation of his connection with the alleged offense. Brown v. State, 276 S. W. 929, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.