ED. TAYLOR V. THE STATE.

No. 14108.   Delivered June 3, 1931.
*State's Rehearing Denied October 21, 1931.*

The opinion states the case.

*Collins & Martin,* of Hillsboro, for appellant.

*Sam H. Allred, Jr.,* District Attorney, Hillsboro, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Having procured a search warrant, officers went to appellant's residence and filling station for the purpose of searching for intoxicating liquors. They first entered appellant's gasoline station and arrested him. Thereafter they searched his residence and found a number of empty pint bottles and some quart jars. A search of appellant's garage disclosed seventeen pints of whisky under the seat of an unregistered automobile. The officers found in the yard a five-gallon keg with a small amount of whisky in it. A witness for the state testified that he had bought whisky from appellant a short time before the search.

Testifying in his own behalf, appellant denied that he made a sale of liquor to the witness. He declared that he had no knowledge whatever of any whisky being on his premises prior to the time the officers made the search. He testified that the truck in which the officers found seventeen pints of whisky had not been registered and had not been used by him at any time during the year 1930. He said that on an occasion a short time before the search a man by the name of Lennix, who had been previously indicted for selling intoxicating liquor, had borrowed the truck for the purpose of moving his family, and that he (appellant) had not examined the truck when it had been returned to the garage. Appellant further testified that he had found the keg and pint bottles while traveling along the highway. He said he was engaged in buying and selling bottles. Appellant further testified that the whisky found by the officers did not belong to him, and that he had no knowledge it was on his premises until the officers discovered it.

Appellant brings forward several bills of exception relating to the action of the court in permitting the district attorney to ask appellant, on cross-examination, in substance, if he made the same explanation to the officers at the time they made the search that he was then making to the jury. Being required to answer the question, appellant replied in the negative. It is certified in the bill of exception that appellant was under arrest during the entire time the officers were making the search and until they removed appellant to the jail. The bills manifest error. The state used the presence of whisky in the truck and the finding of bottles, jars and keg on appellant's premises as circumstances of guilt. On the trial, as hereinbefore stated, appellant made an explanation of the presence of the whisky and other articles, which, if believed, would have exculpated him. The state could not avail itself of appellant's silence during the time he was under arrest as evidence of guilt, or as destructive of his explanation given on the trial. Thompson v. State, 224 S. W., 892;

Ripley v. State, 126 S. W., 586; Johnson v. State, 272 S. W., 783; Williams v. State, 272 S. W., 783; Skirlock v. State, 272 S. W., 782; Russell v. State, 12 S. W. (2d) 1027; Brown v. State, 275 S. W., 1070.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state thinks us wrong in holding erroneous those questions set out in several bills of exception which called for testimony from appellant while on the witness stand, in effect, that after his arrest and while in custody he did not make to the officers, as to certain criminating matters found in and on his premises at the time same were searched and he was arrested,—the explanation now made of same by him while a witness. In the early case of Nolen v. State, 14 Texas App., 474, we held that acts of the accused and even his silence while under arrest, might be in the nature of confessions and hence same would be inadmissible unless coming under some exception to the statutory rule laid down in what is now article 727, C. C. P. Attention is called to this addition to the authorities cited in our original opinion. The rule rejecting such testimony would seem to be the same whether the testimony be offered originally or as impeachment. We think the case of Henderson v. State, 101 S. W., 209, and others cited by the state in its motion, easily distinguishable in principle from the one applicable to the case before us. The question asked the accused in the Henderson case, supra, and held by us proper, did not call for or relate to matters occurring while the accused was under arrest and unwarned. This fact makes sufficient difference. We think it clearly a violation of the rights of the accused to compel him to admit that after he was arrested and while under arrest and unwarned he made no explanation of the presence on his premises of certain matters deemed incriminating, and whose presence was explained by him while on the witness stand.

We think the case correctly decided, and the state's motion for rehearing will be overruled.

*Overruled.*