## J. W. JOHNSTON AND R. JOHNSTON V. THE STATE.

No. 18376. Delivered May 27, 1936.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of hogs, the punishment against each appellant being assessed at two years in the penitentiary.

On Friday night, September 27th, 1935, Arthur Pruitt, who lived near Quanah in Hardeman County, had two white hogs stolen from him. Pruitt and his family had been away from home on Friday night and discovered the hogs were gone from his pen about daylight on Saturday morning when he returned home. Car tracks made while he was away indicated that the vehicle had been backed up to the hog pen and the two animals loaded into it. The tracks showed that the car had come into Pruitt's premises from the west and when it left the premises it went back west, towards Kirkland, which was about twenty miles from Quanah. Two witnesses who worked for a service station at Kirkland testified that between eleven and twelve o'clock on the same night the hogs were stolen the two appellants drove into the station at Kirkland to get water for their car. In the truck body of the car they had two white hogs. Something about the incident caused one of the witnesses to take the number of the car, which was given to the officers, who two days later arrested the two appellants in a car bearing said number. In the truck body of this car were white hog hairs. The hogs were not recovered. If the ones in the truck belonged to Pruitt the record does not show what became of them. Their identity as the stolen hogs depends largely on the circumstances just related and the effort to identify the tracks of the truck at Pruitt's place with the casings found on and in appellants' truck when they were arrested. We do not discuss the sufficiency of the evidence on the point of identity because in our opinion the judgment must be reversed upon another ground. We call attention, however, to the very strict requirement of the law where the identity of an accused as a party to a crime depends upon comparison of tracks. See Powell v. State, 100 Texas Crim. Rep., 43, 271 S. W., 913; Maxwell v. State, 109 Texas Crim. Rep., 533, 5 S. W. (2d) 991; Steed v. State, 101 Texas Crim. Rep., 525, 276

S. W.; 281; Carlisle v. State, 107 Texas Crim. Rep., 408, 296 S. W., 889; Warren v. State, 52 Texas Crim. Rep., 218; Harrison v. State, 16 Texas App., 325; Texas Jur., Vol. 18, under Sec. 331, page 454; Branch's Ann. Texas P. C., Sec. 143, p. 82.

We find only one bill of exception in the record. It brings forward complaint of certain language of the district attorney in his opening argument. The bill in question recites the evidence for the State substantially as hereinbefore set out and then contains a certificate of the following facts: (a) No testimony was given by any witness concerning any statement made by either of the appellants before, at the time of, or after their arrest, in explanation of their possession of the hogs which were in their truck; (b) the record was silent as to any explanation being made at any time by either of the appellants; (c) neither of the appellants testified on the trial, nor offered any witness in their behalf. With the record in the condition reflected above the district attorney stated to the jury that there were some things he wanted appellants' attorney to explain when he argued his side of the case, and one was "If the defendants did not steal the hogs, I want their counsel to tell this jury why they did not explain where they got them when they first had an opportunity to do so." The argument was objected to as being improper, not supported by any testimony justifying it, and that it concerned a matter which would not have been admitted against appellants as evidence, and that it was an unsworn statement of the district attorney about a matter not in evidence. The court overruled appellants' objection to the argument and refused a special charge which would have instructed the jury to disregard it. In qualifying the bill the trial court says he understood that the district attorney was referring to the occasion when appellants were in the filling station at Kirkland. The record excludes the idea that anything occurred on such occasion which could have been construed by appellants as challenging their right of possession of the hogs which were in their truck, or which called for any kind of an explanation regarding the hogs. The record fails to show that anything was said about hogs either by the two witnesses at the service station, or by either of the two appellants while they were there. So far as this record shows the first time appellants' right to the possession of the hogs was ever questioned was at the time of their arrest, and that was the first occasion which called for any explanation. The argument complained of, in effect, told the jury something that had been testified to by no witness, viz:—that appellants had been

given an opportunity to explain where they got the hogs but had remained silent, and the district attorney wanted appellant's counsel to explain such silence to the jury. That such argument supplied evidence not otherwise before the jury and which would have been incompetent if offered, and that it was erroneous and harmful, is obvious. The following cases support appellants' contention. Ripley v. State, 58 Texas Crim. Rep., 489, 126 S. W., 586; Skirlock v. State, 100 Texas Crim. Rep., 178, 272 S. W., 782; Hazzard v. State, 99 Texas Crim. Rep., 354; 269 S. W., 438; Thompson v. State, 88 Texas Crim. Rep., 29, 224 S. W., 892; Russell v. State, 111 Texas Crim. Rep., 366, 12 S. W. (2d) 1027; Brown v. State, 101 Texas Crim. Rep., 639; 276 S. W., 929; Taylor v. State, 118 Texas Crim. Rep., 340, 42 S. W. (2d) 426.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*