R. J. SHARP V. STATE.

No. 24283. March 2, 1949.

*Milton Greer Mell*, Gilmer, for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of drunken driving and by a jury assessed a penalty of $250 fine, and he appeals.

The evidence herein shows that a citizen observed appellant in a red pick-up truck on a state highway driving erratically some distance out of Gilmer, the county seat. He finally passed the pick-up, and upon entering the city, he reported the matter

to the officers, who drove out on the road. Upon meeting the pick-up, they turned around and followed it. They then observed the same wobbling across the road. They approached appellant as he entered the city and ordered him to park his car, which was done. They observed him, and from their sight and smell, they testified that he was intoxicated.

Appellant offered several witnesses who testified as to his condition of sobriety. He also offered evidence to show that there was something wrong with the steering apparatus of his truck which caused the same to wobble, a part thereof having been left out in a recent overhauling of such mechanism. It will, therefore, be seen that an issue was joined relative to the fact of his drunken condition, several witnesses denying such. However, appellant did not testify.

The arrest was effectuated by two peace officers, both of whom testified as to the appellant being under the influence of intoxicating liquor at such time.

The first officer witness testified: "I could tell that he was under the influence of beer or liquor and he didn't deny it." Unquestionably, appellant was under arrest at such time, and this voluntary statement relative to such denial was improper. Appellant moved for a mistrial, which motion the trial court denied, but upon the suggestion of the county attorney, the court instructed the jury to disregard such voluntary statement of the witness.

Again, the next witness, also an officer who assisted in appellant's apprehension, testifying in regard to the fact of intoxication, said: "I could tell that he was drinking and he admitted that he was drinking intoxicating liquor." Appellant objected to such statement on the part of the witness and again moved for a mistrial, which the trial court refused to grant, but he did instruct the jury to disregard the statement that "he admitted that he was drinking."

Appellant was under arrest at that time and these two voluntary statements were violative of his rights under Arts. 727 and 727a, C. C. P.

In the case of Ripley v. State, 58 Tex. Cr. R. 489, 126 S. W. 586, testimony that when arrested the accused made no statement to the arresting officers was error.

In Carter v. State, 23 Tex. App. 508, 5 S. W. 128, it was held error to show that the accused while under arrest refused to tell his name.

In Gardner v. State, 34 S. W. 945, it was held that the silence of one under arrest while statements damaging to his defense are made in his presence, cannot be used against the accused.

In the case of Brown v. State, 101 Tex. Cr. R. 421, 275 S. W. 1069, it was held error to allow the state to show the silence of defendant while under arrest and his being thus silent when the accused took the witness stand on the trial. This court said:

"After his arrest the State could not avail itself of his silence as evidence of guilt or as destructive of the explanation of his conduct," citing Thompson v. State, 88 Tex. Cr. R. 29, 224 S. W. 892; Ripley v. State, 58 Tex. Cr. R. 489, 126 S. W. 586; Johnson v. State, 272 S. W. 783; Williams v. State, 272 S. W. 783; Skirlock v. State, 272 S. W. 782.

This has been the uniform holding of this court up to the latest case thereon, namely, Elliott v. State, 152 Tex. Crim. Rep. 285; 213 S. W. (2d) 833.

The question next arises relative to the action of the trial court in giving prompt instructions to the jury in each instance to disregard this illegal testimony. While inclined to the belief that a prompt instruction could probably eliminate such testimony from the minds of the jurors, an immediate repetition of such a failure to deny such intoxication is expecting too much of the potency of an instruction of the court to again disregard this objectionable testimony just given by the two arresting officers. We are unable to say that such could not have entered into their verdict of guilt, nor into the fine affixed, it being much larger than the minimum. The cases of Deckerd v. State, 88 Tex. Cr. R. 132, 225 S. W. 166; Melton v. State, 121 Tex. Cr. R. 195, 49 S. W. (2d) 803; Bussey v. State, 147 Tex. Cr. R. 447, 181 S. W. (2d) 94; Stafford v. State, 125 Tex. Cr. R. 174, 67 S. W. (2d) 285; and Weaver v. State, 146 Tex. Cr. R. 387, 175 S. W. (2d) 601, seem to be directly in point herein.

As to the attempted impeachment of the witness Ashley, the conclusion is expressed that the predicate should| state the time, place and request made to the witness.

However, we reverse and remand this cause upon the two voluntary statements of the arresting officers.

The judgment of the trial court is reversed and the cause remanded.