Biaggio **ANGELICA**, Appellant,

v.

The **STATE** of **Texas**, Appellee.

No. 36997.

Court of Criminal Appeals of Texas.

June 3, 1964.

Rehearing Denied Oct. 21, 1964.

Davis Grant, Austin, Gen. Counselor of State Bar, L. Money Adams, Jr., Asst. Gen. Counselor, for relator.

Raeburn Norris, Houston, on appeal only, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is attempt to commit arson; the punishment, two years.

This is a companion case to that of appellant's co-indictee, Orato v. State, 170 Tex.Cr.R. 514, 342 S.W.2d 108, to which opinion reference is here made for a statement of the salient points. The sufficiency of the evidence to support the conviction upon a circumstantial evidence charge is challenged. Only the differences in the evidence and the testimony not discussed in our prior opinion will here be noted. The witness Jones in the case at bar testified that sometime after the fire and while he was living at Buras in Louisiana, a man, who looked like this appellant and who was accompanied by two other men, approached him at a filling station and told him that "it wouldn't be healthy if I showed up for the trial." Chemist and Toxicologist Tullis also testified that the dirt samples taken from under the fender of appellant's pickup and at the scene of the fire were similar as to physical characteristics, but that a dirt sample taken from the place where appellant's pickup was found was different as to organic material.

The witness Foster testified that appellant and Orato left the tourist court, where he was residing with them, a short while prior to the time the fire was shown to have been set, instructed him to remain at the cabins and told him that they had some business to take care of. In this trial he testified further that he did not see the two five gallon containers of gasoline again after they left and that after the officers arrived at the tourist court following appellant's and Orato's return, appellant walked up behind him, put his finger to his mouth and told him to keep his mouth shut.

Unlike Orato, appellant testified in his own behalf, admitted the ownership of the Chevrolet pickup in question, but stated that he and Orato had spent the time in which they were absent from the tourist cabin in working on a lift pump which involved the use of gasoline. He denied the threats made to the witness Jones in Louisiana or the warning made to the witness Foster. He stated that he was in the process of opening up a gambling house and that Foster was to be his bartender.

Foster testified that he was aware of no work performed by the two co-indictees on the premises on the night in question which involved the use of gasoline and the officers who made a search of the premises found no empty gasoline containers.

■ This, we believe, is a fair statement of the difference in the evidence adduced in this case and in the case against appellant's co-indictee, and in the interest of brevity, the other facts will not again be stated. Under a proper charge the jury resolved the conflict in the evidence against appellant, and we find the same sufficient to support the conviction.

■■ In brief and in argument appellant contends that the court erred in permitting the State to show appellant's silence concerning this offense following his arrest. In Lee v. State, 165 Tex.Cr.R. 113, 303 S.W.2d 406, 407, and in the cases there cited, we recognized the rule that the State cannot avail itself of the silence of an accused prisoner as a circumstance tending to establish his guilt. But just as in Lee, supra, we hold that where accused develops such fact that reversible error is not reflected if the State pursues the matter further. In the case at bar, appellant's counsel first elicited the information from the witness Kline that appellant had made no written statement to him concerning this offense and then later in the case elicited from the same witness the fact that appellant had made no oral statement to him concerning the same. Having gone into both matters himself originally, appellant can not be heard to complain of the State's further interrogation concerning such silence.

Finding no reversible error, the judgment is affirmed.