**Allen HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46087.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

William D. Engle, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, F. G. Rodriguez and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction by a jury on plea of not guilty of indecent exposure to a child under 16 years of age; punishment by the court, five (5) years probation.

The sufficiency of the evidence is not challenged. The act of indecent exposure was alleged to have occurred on October 12, 1970. Appellant was charged by complaint on that date and was arrested on October 13, 1970, and immediately made bond. He was indicted by the grand jury on December 23, 1970.

By his first ground of error appellant complains that the court did not grant his motion to quash the indictment because he says it was returned, and so recites on its face, at an impossible term of court, to-wit, the November term of the 187th District Court of Bexar County, when, in fact, such court has two continuous terms, the January and July terms.

The 187th District Court for Bexar County was created in 1969 by Art. 199a, Sec. 3.014, Vernon's Ann.Civ.St., with continuous terms to begin on the first Monday in January and July of each year.

The court impaneled a grand jury for what it called the November-December term, 1970, which was during the July

term, since that court had only two terms, the January and July continuous terms.

Art. 19.27, Vernon's Ann.C.C.P., provides:

> "Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. *In no other way shall objections to the qualifications and legality of the grand jury be heard."*

Art. 19.30, V.A.C.C.P., provides:

> "A challenge to the 'array' shall be made in writing for these causes only: That those summoned as grand jurors are not in fact those selected by the jury commissioners,"

and another ground not applicable here.

In Armentrout v. State, 138 Tex.Cr.R. 238, 135 S.W.2d 479, this Court said:

> "Appellant contends that the trial court erred in declining to sustain his motion to quash the indictment because he claimed it was found and returned by an illegally constituted grand jury. It appears from the record that appellant had already been arrested, charged by complaint with the offense and was out on bond at the time that the indictment was returned against him. This court has many times held that an accused may not, under such circumstances, challenge the formation of the grand jury by a motion to quash. The duty rests upon him, in cases of this nature, to make a challenge to the array."

As in that case, the appellant here was charged with the offense and was at liberty on bond. He did not challenge the array, nor does he in his motion to quash allege the ground set out in Art. 19.30, V.A.C.C.P. The motion to quash was filed on March 8, 1971.

■ Further, although the indictment incorrectly alleges that it was returned at the November term of court, it is not an essential ingredient of an indictment that it allege the term of court, and such allegation may be rejected as surplusage. Art. 21.02, V.A.C.C.P.; Guerra v. State, Tex.Cr.App., 478 S.W.2d 483.

We overrule appellant's first ground of error.

■ Appellant for his second ground of error insists that the court erred in denying him the opportunity at the guilt or innocence stage of the trial to introduce the testimony relative to his reputation in the community as a peaceful and law abiding citizen.

The record reflects that appellant sought to introduce testimony both as to the appellant's reputation as a peaceful and law abiding citizen and his reputation for truth and veracity in the community. The trial court ruled that testimony as to the latter would be heard but that the former could not be introduced at the guilt or innocence stage of the trial. Clearly, the court was in error in excluding testimony as to the appellant's general reputation as a peaceful and law abiding citizen. Schmidt v. State, Tex. Cr.App., 449 S.W.2d 39; Smith v. State, Tex.Cr.App., 414 S.W.2d 659; Jean v. State, 163 Tex.Cr.R., 533, 294 S.W.2d 406; Commarrilo v. State, 164 Tex.Cr.R. 319, 299 S.W.2d 128.

■ At the request of the State's attorney, the jury was excluded from the courtroom while testimony was elicited from three defense witnesses as to the appellant's reputation for truth and veracity in the community. These witnesses *were not* asked by the appellant's retained attorney about the appellant's general reputation for being a peaceful and law abiding citizen.

Art. 40.09, Sec. 6(d)(1), V.A.C.C.P., provides a method to preserve error when testimony has been erroneously excluded by the trial court:

> "When the court refuses to admit offered testimony or other evidence, the party offering same shall as soon as practicable but before the court's charge

836

is read to the jury be allowed, out of the presence of the jury, to adduce the excluded testimony or other evidence before the reporter . . ."

In no other manner does the record reflect what the witnesses would have testified to on this issue.

By failing to adduce the testimony sought in accordance with the above procedure, appellant has failed to preserve any error for the court to review. Johnson v. State, Tex.Cr.App., 462 S.W.2d 955; Burton v. State, Tex.Cr.App., 471 S.W.2d 817; Alexander v. State, Tex.Cr.App., 476 S.W.2d 10; Lee v. State, Tex.Cr.App., 455 S.W.2d 316. Appellant's second ground of error is overruled.

In his third ground of error, the appellant urges that the trial court erred in permitting the defendant to be cross-examined as to statements made under arrest. More specifically, appellant contends that the court erred in allowing the State's attorney during his cross-examination of the appellant to show that the appellant had remained silent at the time of his arrest.

To fully understand appellant's contention, it is necessary to give a brief synopsis of the facts leading up to his arrest.

The appellant, Allen Hicks, was indicted on December 23, 1970, by a Bexar County grand jury for knowingly and intentionally exposing his private parts to the complainant _____, a child of 14 years. The incident occurred on October 12, 1970, while the complainant accompanied by two other children of similar age was walking in front of the appellant's home. The evidence adduced at the trial indicated that while the children were proceeding in front of the house, the appellant, who was standing in his garage, pulled his pants down, thereupon exposing his private parts, which were seen by the children.

At the trial, the appellant said that ants had invaded his pants, rendering it necessary for him to quickly pull them down. He further said that he had no intent to expose his private parts to the children

whom he believed had already passed his house at the time of the ant invasion. (Rebuttal evidence showed he had exposed himself twice before to the same children.) The colloquy complained of was as follows:

"MR. CONAWAY (Prosecuting Attorney): All right, Okay. Whenever the police came out and arrested you did you tell them about those ants?

"MR. ENGLE: (Defense Attorney): I object.

"APPELLANT: No, sir.

"MR. ENGLE: I am going to object to that statement as calling for hearsay, calling for statements that counsel knows are inflamatory and prejudicial. Again, I move for a mistrial.

"THE COURT: Be overruled.

"MR. ENGLE: He is going into statements—Is the court going to permit this prosecutor to ask him about statements made under arrest?

"THE COURT: Counsel, step up here, please.

(Thereupon, conference outside the hearing of the court reporter among the State and defense counsel and the court.)

"MR. CONAWAY: I will withdraw it."

The record shows that the question was withdrawn, after which no further relief was requested.

In regard to the merits of appellant's allegations, it is without question that a defendant's silence at the time of his arrest cannot be used against him as a circumstance indicating guilt. Angelica v. State, Tex.Cr.App., 382 S.W.2d 476; Sharp v. State, 153 Tex.Cr.R. 96, 217 S.W.2d 1017; Crenshaw v. State, 158 Tex.Cr.R. 209, 254 S.W.2d 402. In Angelica v. State, supra, this court stated:

"In Lee v. State, 165 Tex.Cr.R. 113, 303 S.W.2d 406, 407, and in the cases there cited, we recognized the rule that the State cannot avail itself of the si-

lence of the accused prisoner as a circumstance tending to establish guilt."

Other authority for this rule can be found in Ripley v. State, 58 Tex.Cr.R. 489, 126 S.W. 586 and DeLira v. State, 164 Tex. Cr.R. 194, 297 S.W.2d 953.

■ We now come to the key issue in this ground of error, that being whether or not appellant has properly preserved his error so as to permit this court to review it.

The pertinent part of the record as shown above indicates that when appellant was asked whether he told the arresting officer about the ants, counsel for the appellant objected to the question as being hearsay and also as calling for inflammatory and prejudicial statements. Obviously, the question did not call for hearsay since it asked what the appellant himself had said and while it may have been inflammatory and prejudicial, such a general objection was insufficient to preserve error. The proper objection, under these facts, would be that at the time the question was asked, that the appellant was under arrest and that such a question is in violation of the appellant's rights against self-incrimination and of the confession statute. Art. 38.21, Art. 38.22, V.A.C.C.P. No reversible error is shown. We overrule appellant's ground of error number three.

■ Appellant's final ground of error is that the trial court erred in permitting him to be cross-examined as to privileged communications between his attorney and himself.

From the record, we note that an objection to this testimony was sustained but that appellant did not request an instruction to the jury to disregard. Such an action by the appellant would have cured any error. Washington v. State, Tex.Cr.App., 484 S.W.2d 721. By failing to follow the above procedure, there is no error for this court to consider.

The judgment is affirmed.

Opinion approved by the Court.