**Pedro MOYA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48042.

Court of Criminal Appeals of Texas.

April 24, 1974.

Doyle Keith Woodley and Ben D. Sudderth, Comanche, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of burglary. The jury assessed his sentence at five years, and granted probation.

Appellant's first ground of error urges that his motion to quash the indictment should have been granted because Mexican-American persons were systematically excluded from grand jury service in Comanche County.

Appellant proved that from the March, 1966 term of the grand jury to the March, 1973 term, no persons with Spanish sur-

names were selected for grand jury service. No proof was offered regarding the racial make-up of the grand jury commissioners during this period, and no proof was offered, beyond the list of names, of the actual racial background of the grand jurors during this period.

Two witnesses for the defense testified that, in their opinions, as many as fifty-seven Mexican-American residents of the county might be qualified as grand jurors, although none of these persons were named. The record reveals that the total population of the county was 11,898 as of 1970.

■ In view of the fact that the percentage of those qualified who were of Mexican-American extraction was so small as to be almost infinitesimal, and in view of the absence of further evidence which might indicate that discrimination has occurred, we conclude that appellant has not made out a prima facie case of denial of equal protection. Compare Gonzales v. State, 414 S.W.2d 181 (Tex.Cr.App.1967). Appellant's first and second grounds of error are overruled.

Appellant's third ground of error complains that the court improperly charged the jury on the issue of whether appellant was properly warned by the police officer who took his confession.

■ At trial, appellant conceded that he was warned by a magistrate, but he contends there is no evidence that he was warned by the police officer, Bill Vinyard. The court charged the jury that they must disregard the confession if the evidence failed to show that Vinyard gave the proper warnings. The charge made no mention of the magistrate's warnings. In view of the fact that appellant was warned, this charge, instructing the jury to disregard if

they found only that Vinyard failed to warn appellant, was more favorable than that to which appellant was actually entitled. There was no error.

Appellant's last ground of error urges that one of the grand jury commissioners was disqualified under the provisions of Art. 19.01, Vernon's Ann.C.C.P.[1] His contention was based upon the fact that one of the grand jury commissioners was the complaining witness in certain matters which resulted in indictments against other persons. Appellant urges that because of this fact the commissioner was disqualified under subsection (3) of Art. 19.01, supra.

Evidence in support of this contention was not presented until after both sides had rested at the punishment stage. We have held that any such contention comes too late when raised for the first time after the jury has reached a verdict. See Hicks v. State, 493 S.W.2d 833 (Tex.Cr. App.1973) and cases there cited.

■ However, it is questionable that being the complaining witness in an unrelated case is sufficient to violate the qualification that one "Have no suit : . . which requires [the] intervention of a jury." See Art. 19.01(3), supra. This is especially true where, as here, there is no evidence indicating that the grand jurors were corruptly selected. Compare Harris v. State, 123 Tex.Cr.R. 161, 58 S.W.2d 513 (Tex.Cr.App.1933).

As noted, the jury sentenced appellant to five years' confinement, but granted probation. However, the judgment reflects that appellant was sentenced to four years, probated. In view of this error, the judgment is reformed to reflect the sentence imposed by the jury, five years, probated.

The judgment, as reformed, is affirmed.

---

1. Art. 19.01, V.A.C.C.P., providing for the appointment of jury commissioners reads, in part, as follows:

"  .    .    .    they shall possess the following qualifications:

"  .    .    .    3. Have no suit in said court which requires [the] intervention of a jury; . . ."