### HIGHTOWER v. STATE.   (No. 6690.)

(Court of Criminal Appeals of Texas. March 1, 1922.)

I. **Fires** &#9758;5—**Evidence held not sufficient to support verdict of guilty of burning cotton.**

In a prosecution for burning seed cotton, evidence *held* not sufficient to support a verdict of guilty.

2. **Fires** &#9758;5—**Size of shoes corresponding to size of tracks near scene of offense not sufficient evidence on which to identify offender.**

In prosecution for burning cotton, in which tracks near the scene of the offense were measured and found to have been made by a No. 5 shoe, the fact that defendant's shoes were No. 5 shoes and made tracks the same width and length as those found, standing alone, is not sufficient evidence to identify defendant as the offender.

Appeal from Shackelford County Court; Richard Dyess, Judge.

R. B. Hightower was convicted of burning seed cotton, and he appeals. Reversed and remanded.

J. A. King, of Albany, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. [1] Appellant was convicted of setting fire to a pile of seed cotton belonging to one Dumas.

The evidence shows that about 7 o'clock in the evening of December 1, 1920, a pile of cotton belonging to Dumas was burned. Dumas and appellant had had some trouble previously, the appellant having brought suit against Dumas in order to obtain possession of the house which he was occupying. After the cotton was burned, the sheriff was informed of it and went to investi-

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gate. He saw where the cotton was burned, and he found the track of a horse going into a pasture and traveling up to the fence which inclosed the cotton and there seemed to have been tied to a mesquite tree; that the track of the horse showed that he was shod in front and barefooted behind; that he went into the field and found a track of a person who appeared to be walking in the soft dirt, which traveled in an easterly direction until he was about passing the cotton pile and then turned south to the cotton, and he then saw tracks going to where the horse was tied, going direct from the cotton to the horse; that he took the measurement of this track of the person and measured it with a stick, making the measurements across the ball of the foot lengthwise of the foot, across the heel, and lengthwise of the heel; that his deputy, Reynolds, suspicioned the appellant on account of a previous difficulty with Dumas; that he took the measurement of appellant's shoes and found that the measurement of the shoes was the same as the measurement of the tracks—a No. 5 shoe.

Reynolds said he was with Biggs; that they attempted to follow the horse track and followed it to the lane and then south where the lane or road turned into the Mule Skinner pasture and up the road near a corner where there was a road leading south to appellant's house; that they then abandoned the horse track and went where the appellant was plowing in his field. As we understand the record, appellant lived something like three miles from where the cotton was burned.

Appellant testified that he took no part in burning the cotton; that he was not at the place and knew nothing about it until the officer came and took the measurement of his shoes, to which he submitted. It was shown by his testimony and that of the blacksmith and others that the horse which appellant rode was shod all around. It was also shown by the witness that he was in company with the appellant on the day that the cotton was burned and was at the town of Lueders; that he accounted for appellant's presence in his company until about 7:30 or 8 on the night that the cotton was burned and at a distance of several miles from the place at which it was burned.

[2] The evidence is wholly circumstantial. The criminating facts, so far as we are able to discern them, consist alone in the evidence showing similarity of footprints. It will be noted that there is no evidence of peculiarity in the footprints found near the place at which the cotton was burned which would differentiate them from any other footprints made by a man wearing a No. 5 shoe; nor is there any peculiarity pointed out which would enable the jury to identify the shoes worn by the appellant at the time of his arrest with those that were found near the cotton burned. They were simply the same width and length; they were not fitted into the tracks, and at most they go to show that appellant wore a No. 5 shoe and that the tracks found near the scene of the offense were made by a person wearing a No. 5 shoe. This point of similarity alone is not sufficient to identify the appellant as the offender. Warren v. State, 52 Tex. Cr. R. 218, 106 S. W. 132; Harrison v. State, 16 Tex. App. 330; Gill v. State, 36 Tex. Cr. R. 594, 38 S. W. 190. Nor is it supplemented by other evidence pointing to his guilt. On the contrary, the state's testimony indicates that, according to its theory, the person who committed the offense came to the scene upon a horse wearing shoes upon two of his feet; that the human footprints found led from the horse to the cotton and from the cotton to the horse; that the tracks of the horse were followed by the officers not to appellant's home, and, so far as the evidence reveals, not near to it. Moreover, it seems to be undisputed that the horse that appellant was riding upon the day that the offense was committed and at the time the offense was committed was shod on all four feet. This evidence the state made no effort to controvert nor to rebut.

Because of the insufficiency of the evidence to support it, the judgment is reversed, and the cause remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes