SAM BAYLESS v. THE STATE.

No. 7366.   Decided April 18, 1923.

**1.—Theft—Insufficiency of the Evidence.**

Where, upon trial of theft, the evidence was wholly circumstantial and
did not exclude every reasonabe hypothesis save defendant's guilt, the
judgment must be reversed and the cause remanded.

**2.—Same—Argument of Counsel.**

Where State's attorney made an argument calling attention to the fact
that there was no explanation of the presence of the wheat in the shoes of
defendant, the propriety of the same is questionable.  Following Boone v.
State, 90 Texas Crim. Rep., 374.

Appeal from the District Court of Gray.   Tried below before the
Hon. W. R. Ewing.

Appeal from a conviction of theft; penalty, two years imprison-
ment in the penitentiary.

The opinion states the case.

*M. J. R. Jackson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property stolen was seventy-four bushels of wheat. In a granary about six miles from the town of Pampa, one E. E. Reynolds had stored several thousand bushels of wheat. Early one morning discovery was made that the granary had been entered and circumstances indicated that some of the wheat had been removed. The quantity taken was not ascertained. The wheat was situated on a farm some six miles from Pampa and about half a mile from the public road. Horse and wagon tracks were observed near the granary, and a small quantity of wheat was found on the ground just outside of the granary. Tracks of a wagon with narrow tires were observed, and they led to the public road. Near the public road there were indications that the wagon had been stopped, and near this point were found shoeprints of a man and woman. There were also tracks of both broad and narrow tired wagons, and on the road and at some point between the granary and the town of Pampa the broad tired wagon was found abandoned. This wagon was afterwards claimed to belong to one Lasater. Apparently four horses had been hitched to the narrow tired wagon and the other one had been adjusted to trail behind. At the home of the father of the appellant at Pampa, in the afternoon of the same day, there was found a narrow tired wagon containing seventy-four bushels of wheat. The wagon was standing in the front yard. It belonged to the father of the appellant. The appellant had the privilege of using it. At the home of appellant's father was also found a team of horses which were later claimed by Lasater. Appellant resided at the home of Mrs. Cherry. He was not at his father's house on the evening or night before the wagon load of wheat was discovered. He did, however, come to his father's house on the next morning. According to the testimony of the State's witness, appellant disclaimed any knowledge of the wheat. The wheat was taken by Reynolds without objection. About the time that the wheat was missed, appellant and Mrs. Cherry, in the daytime, were seen together riding in a wagon on a road about two miles from Pampa, which led in the direction of the place from which the wheat was stolen. Appellant was arrested at the home of Mrs. Cherry. There were some grains of wheat in his shoes. He was taken to the home of the officer who arrested him and he sat at a certain place in the yard at which there were afterwards found some grains of wheat. A pair of woman's shoes was found at the home of Mrs. Cherry and in them were also found some grains of wheat.

The evidence is wholly circumstantial. There are weaknesses in the testimony which appellant claims render it insufficient to support

the conviction. The wheat found in the wagon at the home of appellant's father was not identified. There was no peculiarity about the wheat which furnished a means of identification, and the quantity found in the wagon is not shown to have corresponded with that missed from the granary. The wheat was not found in the possession of the appellant. It was found at his father's home. It was seen by the father about daylight in the morning, and later in the day it was discovered by the officers. The wheat was taken by Reynolds without protest from the father. The wagon belonged to the father. It was not shown to have been in the possession of the appellant. He came to his father's house on the morning that the wheat was discovered but in a conversation with his father, disclaimed any knowledge of it. Appellant lived at the home of Mrs. Cherry, where he was arrested; and the team claimed by Lasater was found at the home of appellant's father. The broad-tired wagon, which was also claimed by Lasater, was found in the road in the neighborhood of the bin from which the wheat was stolen. Lasater was not called as a witness to identify his property nor to explain its presence at the places named. At some time near the date of the offense, the appellant and Mrs. Cherry were seen in a wagon together. The point at which they were seen was some three miles or more from that at which the property was stolen. They were seen in the daytime. Neither the wagon nor the team which they were using was identified with that in which the purported stolen wheat was removed. The shoeprints found about half a mile from the bin were not described further than that they appeared to have been made by a man and woman. The size of the man's shoes or boots was not given, nor was the size of the appellant's feet or the shoes he wore stated. No peculiarity was revealed touching the tracks made by the man or the shoes or boots worn by the appellant. The tracks made by the woman were described as having been made by a shoe without heels. There were shoes found at the home of Mrs. Cherry which were introduced in evidence, but there is no testimony showing that their description coincides with that of the shoes which made the tracks in question. On the contrary, it appears that they were not fitted into the tracks. There were peculiar.-ties of the shoes and the tracks which might have identified them had they been compared. They were in the possession of the State, and if any presumption is indulged, it would be that the comparison would not result to the State's advantage. The grains of wheat that were found in the shoes or boots of the appellant as well as that in the shoes at the home of Mrs. Cherry were not identified as bearing any similarity to the wheat which was stolen. The quantity is not revealed, nor is it stated whether there were many or few. Appellant never asserted any right or ownership in the wheat and was never found in possession of it. It was in the possession of another person.

Measured by the rules of law applicable to circumstantial evidence, the proof is not deemed sufficient to support the conviction. It does not exclude every reasonable hypothesis save appellant's guilt.

The State's attorney made an argument calling attention to the fact that there was no explanation of the presence of the wheat in the shoes of the appellant. The propriety of the argument is questionable. See Boone v. State, 90 Texas Crim. Rep. 374, in which we have endeavored to state the rule relating to references to the failure of the accused to testify.

Inasmuch as the case has to be reversed upon other grounds, we refrain from passing upon the point raised by the bill of exceptions relating to the argument mentioned. Suffice it to say that it will doubtless not occur upon another trial.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*