## POWELL v. STATE. (No. 8944.)

(Court of Criminal Appeals of Texas. April 22, 1925.)

**1. Criminal law ⬅1169(11) — Statement by witness, that he had found articles other than those connected with offense, held not to call for reversal.**

Where witness in prosecution for burglary started to relate that he had found articles other than those connected with offense, and he was interrupted by objection and court instructed jury to disregard statement, *held*, that statement did not call for reversal.

**2. Criminal law ⬅566—Great strictness in testimony is required where footprints are relied on to identify accused.**

Where similarity of tracks found at scene of crime and other tracks found later or made by accused, or by measurement of accused's footwear, and tracks found at scene of crime are relied on to identify accused, great strictness in testimony is required before holding it sufficient to identify accused.

**3. Criminal law ⬅1169(2)—Error, if any, in admitting evidence of footprints held harmless.**

Error, if any, in admitting evidence of footprints to identify accused in prosecution for burglary was harmless, where the evidence sustained conviction, without considering the footprint testimony.

**4. Burglary ⬅42(1)—Possession of property recently stolen, without satisfactory explanation of its possession, is sufficient to support conclusion of guilt.**

Possession of property recently stolen or taken from burglarized premises, which possession is not satisfactorily accounted for, is a circumstance sufficient to support conclusion of guilt, where a burglary has been proved.

**5. Criminal law ⬅763, 764(6)—Charge on possession of property recently stolen held to invade province.of jury.**

In prosecution for burglary, special charge that, even though jury found that accused was in possession of property taken from burglarized house, etc., that these facts did not constitute guilt of offense, etc., invades the province of jury.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

Tom P. Powell was convicted of burglary, and he appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Tarrant county of burglary, and his punishment fixed at two years in the penitentiary.

The barn of Mr. Bryan was burglarized, and some saddles, etc., taken. A few days later said property was found in the possession of appellant. It was shown that he was familiar with the neighborhood in which Mr. Bryan lived, having worked for some time for a neighbor of Mr. Bryan. When the property was found he asserted that it was his, and testified on the trial that he bought it from another party. The court gave to the jury a charge, setting forth fully the theory of appellant's right to acquittal based on their belief that he made a reasonable explanation when his possession of the alleged stolen property was first challenged, etc. The facts support the verdict.

[1] There are three bills of exception. The first is taken to an answer made by a witness who was asked to state what he found in searching the house where appellant lived. The witness started to testify to the finding of other matters than those related to this case, and had only uttered a few words when he was interrupted by an objection, which was sustained by the court, who instructed the jury not to consider the statement of the witness. We do not think the error of this statement so serious as to call for a reversal, nor that it created any prejudice in the minds of the jury, who gave to appellant the lowest term.

[2, 3] The second bill of exceptions complains that a witness was permitted to testify that he observed tracks near the burglarized barn, and that he found a pair of boots at appellant's home which were claimed by appellant, and that the boots were just like the tracks found. It was shown there were tracks of two parties at the burglarized barn; one of said tracks being made by a boot or shoe with a very small heel and a pointed toe. This was stated as a characteristic of the boots. The witness did not testify that the tracks were made by the boots found in appellant's possession but merely stated that the boots were like the tracks, and that, the way the heels and soles of the boots set, it tallied up with the tracks. A rain had fallen just before the burglary. The boots found were described as small, sharp-toed boots, with narrow high heels. Where the state has relied largely upon the similarity of tracks found at the scene of a crime, and other tracks found later or made by appellant, or upon measurements of appellant's footwear, and the tracks found at the scene, for identification of the accused as the party connected with the crime, this court has required much strictness in testimony before holding it sufficient to identify the accused as the guilty party. In the case before us the proof appears so abundantly sufficient without any testimony as to tracks; it being shown that the burglarized barn was on a ranch 10 or 15 miles southwest from the city of Fort Worth, and that appellant

who at the time of the burglary was living north of Fort Worth, had formerly worked on a neighboring ranch to that of Mr. Bryan, and was familiar with the country, and that two or three days after the alleged burglary the saddles taken from the barn were found in the possession of appellant along with other saddles taken from other parties in the Bryan neighborhood, and that appellant told the improbable story of being short of money himself and yet of having paid $75 for the saddles in a purchase of same from a man whose existence was not testified to by any other witness, we would feel impelled to hold that the lack of measurement of the track made, and the comparison of same with the boots found in the possession of appellant, would not constitute that serious objection to the reception of this evidence such as would call for a reversal of the case at our hands. The testimony aside from the identity of the boots and tracks seems overwhelmingly sufficient to support the conclusion of the jury, and in such case, even if the reception of this evidence should be doubted, we would not be inclined to reverse the case therefor.

[4, 5] Appellant asked a special charge, which was refused, and which is deemed by this court to be on the weight of the evidence. It sought to have the jury told that, even though they found and believed from the evidence that he was in possession of the saddles and property taken from the alleged burglarized house, etc., that these facts would not constitute guilt of the offense of burglary, etc. This court has said in numerous cases of theft and burglary that the possession of property recently stolen or taken from the burglarized premises, which possession is not satisfactorily acounted for, would be a circumstance sufficient to support the conclusion of guilt when a burglary had been proved. Said requested charge seems an invasion of the right of the jury to so regard the fact of the appellant's recent possession of the property taken from the alleged burglarized premises.

Being unable to agree with appellant's contentions, the judgment will be affirmed.