### W. W. STEED v. THE STATE.

No. 9181.   Delivered October 14, 1925.

1.—Possessing Equipment for Manufacture—Evidence—Of Tracks—Held, Not Admissible.

Where on a trial for the possession of equipment for the manufacture of intoxicating liquor, the state was permitted to prove that tracks going from appellant's house, to where the worm was found, showed to have been about the same size as appellant's tracks, and seemed to have been made by about a number nine shoe, no comparison between the shoes worn by appellant and the tracks was made or shown.   This evidence should not have been admitted.

2.—Same—Continued.

We are clearly of the opinion in the light of numerous authorities that before a witness is authorized to give an opinion upon so vital a question as the similarity of tracks, as a circumstance to connect the appellant with the offense charged, his testimony should be more certain than is manifested here. Following Smith v. State, 77 S. W. 453; Tankersly v. State, 101 S. W. 234; Ballenger v. State, 141 S. W. 91 and Casonover v. State, 219 S. W. 278.

3.—Same—Confession of Defendant—Under Arrest—Improperly Admitted.

Where testimony was admitted, that appellant after his arrest, said to the officers "Well, you boys have got me, let me change my clothes before I go" said statement having been made after the equipment had been found, and when the officers were some distance from the place where it was found, did not come within the rule of res gestae, and under the statute, was not otherwise admissible.   See Vernon's C. C. P., Art. 810, and many authorities there collated.

Appeal from the District Court of Nacogdoches County.   Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of possessing equipment for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Seale & Denman,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Nacogdoches County for the offense of possessing equipment

for manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

By a proper bill of exception complaint is made at the action of the trial court in permitting the State to offer in evidence the testimony of various witnesses to the effect that the tracks going from appellant's house to where the worm was found, showed to have been about the same size as appellant's tracks and to the further effect that they seemed to have been made by about a number nine shoe. The record discloses that no measurement was made of the tracks and no comparison of any kind was made between the shoes worn by the appellant and the tracks. In the case of Smith v. State, 77 S. W. 453, the question of tracks was discussed by this court, and in that opinion Judge Henderson makes the following observation:

"The objection here urged is that the witness was not sufficiently definite as to the character of the tracks to authorize him to give an opinion as to the similarity thereof; but stated, in substance, that the tracks he saw on the ground, which he took to be defendant's were a No. 8 or 9 shoe; that the impression of the heel of the right foot, as it appeared on the ground, was that it was made by a shoe worn off on one side of the heel, and that the shoes which he saw worn by appellant on that morning appeared to be a No. 8 or 9, and that the heel on his right shoe was worn off on one side; that the shoes also appeared to be broad across the ball, tapering towards the toe; that the impressions on the ground appeared to have been made by a shoe broad across the ball, narrowing towards the toe; that he did not take measurements of the impressions on the ground or of the shoes."

In the following language Judge Henderson held that this testimony was not admissible:

"However, looking to the witness' testimony alone, we do not believe that the facts detailed by him were sufficiently definite to authorize him to give an opinion as to the similarity of the impressions on the ground with those of the shoes worn by defendant. He was not even certain as to the number of the shoe worn by appellant, stating it was an 8 or 9, and the only peculiarity suggested by him is as to the heel of the shoe and the impression of the heel on the ground. It occurs to us that, before a witness is authorized to give an opinion upon so vital a question as the similarity of tracks as a circumstance tending to connect appellant with the offense charged, his testimony should be more certain than is manifested here. Grant v. State, 42 Tex. Crim. Rep. 274, 58 S. W., 1025; Gill v. State, 36 Tex. Crim. Rep. 594, 38 S. W., 190."

It seems clear under the authority of the above cases that the testimony as to tracks was improperly admitted. In fact, there are

many other cases, some of them very recent which are clearly to the effect that testimony of this character should not have been admitted. Tankersley v. State, 101 S. W., 234; Ballinger v. State, 141 S. W., 91; Casonover v. State, 219 S. W., 478.

Appellant also complains at the court's action in permitting the officer to testify as to a statement made by the appellant as follows: "Well , you boys have got me, let me change my clothes before I go." The court indicates in his qualification of this bill that the testimony was admitted as a part of the res gestae. The record discloses that such equipment as was discovered had already been found at the time this statement was made, and the officers were some distance from where it was found at the time the statement was made. There seems to be no dispute about the proposition that the appellant was under arrest at the time the statement was made. We think that this testimony should not have been admitted. We find nothing in the record indicating that it was a part of the res gestae and the statute itself would otherwise exclude it. Vernon's C. C. P. Art. 810, and the many authorities there collated.

There are other alleged errors presented by appellant but we do not deem it necessary to discuss these; but for the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.