## C. H. MAXWELL V. THE STATE.

No. 11730.   Delivered April 4, 1928.

Rehearing granted May 2, 1928.

**1.—Robbery With Firearms—Evidence—Held Sufficient.**

While the evidence in this case for robbery with firearms is not over-whelmingly convincing, the presence of appellant in the immediate vicinity at about the hour of the robbery, his description fitting that of the person who committed the crime, and the fact that his shoe with a peculiar break in it fitted perfectly into an imprint made by the shoe of the robber were sufficient to justify the jury in finding him guilty.   See Gill v. State, 36 Tex. Crim. Rep. 589, and Burrill on Cir. Ev., p. 267.

### ON REHEARING.

**2.—Same—Evidence—On Reconsideration—Held Insufficient.**

On rehearing, after mature and careful consideration of the facts as they appear in this record we have concluded that they are not of that positive character as to the identification of appellant that our law demands and that our opinion affirming the case was erroneous, the motion for rehearing is therefore granted, and the judgment reversed and the cause remanded.

Appeal from the District Court of Midland County.   Tried before the Hon. Chas. L. Klapproth, Judge.

Appeal from a conviction for robbery with firearms, penalty five years in the penitentiary.

The opinion states the case.

*Samuel K. Wasaff* of Midland, attorney ad litem, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense robbery with firearms, penalty five years in the penitentiary.

Appellant's counsel, who was appointed by the court, has filed a very earnest and interesting brief questioning the sufficiency of the evidence.   The statement of facts shows that on the evening of the robbery and close to the time of its occurrence, appellant was seen at a filling station in Midland.   B. C. Grafa was held up by an unmasked party, having a cap pulled low over his face, and robbed of some money at the point of a pistol, about one and a half or two blocks from where appellant was seen at said filling station and at about the same time of day, or shortly thereafter.   Two witnesses identified his voice and walk, but both refused to swear positively that he was the

man who did the robbing.   He was arrested the next morning in an adjoining town.   He then had on a coat which fit the description of that of the party who committed the crime, but his trousers were different.   He had neither a gun nor money on him at the time of his arrest.   His shoe was taken off and fitted into the track made by the man who did the robbing. The sheriff testified:

"You know how a shoe is in the sand.   I set it down and it makes a perfect print.   As to that sand being damp or soft, that is pretty good sand piled around there.   Yes, such as would retain a track.   Yes, it fit in the track as nearly perfect as it could.   Yes, the break appeared and was similar.   The break in that shoe compared with the tracks."

He testified further that it was an average size shoe and that some other shoe could have made it.   It also appeared that appellant came to Midland with a companion, who had returned the night before, which might account for his not having a gun or any money on him when arrested several hours after the robbery.

It was further shown by appellant's father that appellant had never been in any trouble and never owned a gun in his life. His good character was also testified to by witnesses.

We confess that the sufficiency of this evidence has given us some concern.   While it is not of an overwhelmingly convincing nature, it is of such cogency and force that we would not feel justified in substituting our opinion for that of the jury who heard and saw the witnesses.   The presence of the appellant in the immediate vicinity at about the hour of the robbery, his description fitting that of the person who committed the crime, and the fact of the shoe with a peculiar break in it taken from the foot of the appellant and fitting perfectly into an imprint made by the shoe of the robber, are all taken together, we think, sufficient to justify a conviction.   Gill v. State, 36 Tex. Crim. Rep. 589; Burrill Cir. Ev., p. 267.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Offense robbery with firearms, penalty five years in the penitentiary.

This case was affirmed on a former day of this term of court, but upon mature and careful reconsideration of the facts we have concluded that they are insufficient to identify appellant as the guilty party, and our former opinion is accordingly withdrawn.

Appellant was seen at a filling station in the town of Midland on the afternoon of the robbery and about two blocks away from where same occurred. B. C. Grafa was held up by an unmasked party having a cap pulled over his face and robbed of some money at the point of a pistol. Appellant was arrested the next morning in an adjoining town and at that time had neither a pistol nor money in his possession. Grafa testified that when arrested appellant had on a similar coat but a different pair of trousers; that he walked pretty much like the man who robbed him; that his voice sounded like the same; that he went with the sheriff and took one of the shoes of appellant and fit the shoe in the tracks of the man who did the robbing and that they fit pretty well; that there was a hole in appellant's shoe and that is what made it look so much alike. There was a mark on the right shoe and that showed pretty well in the track. He said the sand had blown up around the car and he couldn't say whether it was damp at that time or not. The sheriff testified in substance that he set down the appellant's shoe in the track pointed out to him as that of the man who did the robbing and that it fit in same as nearly perfect as it could; that the break in the shoe appeared and was similar; that it was an average size shoe and that some other shoe could have made it.

The good character of appellant was testified to by a number of witnesses. Appellant proved by his father that he had never been in any trouble and never owned a gun in his life; that he had left Fort Worth for the oil fields in search of work to assist his poverty-stricken family.

Both witnesses present at the scene of the robbery refused to express the opinion that appellant was the man who robbed Grafa.

It will be observed that the main incriminating fact was a track made by an average size shoe with a break in it in sand not shown to be damp, and that appellant had neither a weapon nor the fruits of the robbery in his possession when arrested a few hours thereafter. Other slight circumstances are the similarity of his voice and walk given by witnesses whose observation was taken under stress of excitement and whose opportunity to closely scrutinize the guilty party was very limited. A conviction in this case would rest upon identification of a track

made in the wind-swept sand of West Texas. No other incriminating facts of any cogency are shown. The testimony for appellant, given without any contradiction, showed him to be one of the world's unfortunate poor lured by the hope that the West held for him a promise of freedom from poverty and want. He faced instead a felony charge, without funds and without friends, and under circumstances not of his own making, which militated against an acquittal. We are not able to give our sanction to a conviction resting upon the evidence of identification as appearing in this record. Warren v. State, 52 Tex. Crim. Rep. 218, 106 S. W. 132; Smiley v. State, 87 Tex. Crim. Rep. 528.

Appellant's motion for a rehearing is granted and the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.