## S. W. McElroy v. The State.

No. 15897. Delivered May 10, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 784.

The opinion states the case.

*H. C. Hooser,* of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of chickens; punishment, one year and one day in the penitentiary.

Castle, a farmer, heard a disturbance in his hen house in the night. He went out and shot his gun. He saw two men run away from the chicken house. There had been a rain early in the night. Twelve of Castle's chickens were taken. A model T Ford car was found standing in the road not far from the house. Its number was taken, and investigiation showed the car to be registered in the name of appellant's brother, Charles. Two officers and Castle the next morning trailed the tracks of the two men seen by Castle to run away from the chicken house. Each track showed marked peculiarities in each shoe. Both appellant and his brother were arrested that morning. The shoes taken from their feet were fitted in the tracks and corresponded in every particular with the individual marks observed. The officers also measured the tracks and measured the shoes, and said that in addition to having identical peculiarities, the shoes of appellant and his brother had the same measurements as the tracks in question.

The only bill of exception found in the record was taken to the court's refusal to grant a new trial sought on the ground

that the evidence was insufficient. In his brief appellant argues only the insufficiency of the testimony.

In addition to relying upon testimony of certain relatives to establish an alibi, appellant sought to connect still another brother with the commission of the crime, and to show that said other brother was out on the night of the theft of the chickens, and that appellant was at home. The shoes which were fitted in the tracks in question were the shoes of S. W. McElroy, appellant, and his brother, Charlie. The other brother upon whom appellant sought to lay the blame was L. C. McElroy. After the defense had rested, the state put L. C. McElroy upon the stand in rebuttal, and he not only denied his guilt and that he had anything to do with the taking of the chickens, but he also contradicted the relatives by whom appellant sought to establish his alibi.

The peculiarities in the shoes of appellant and his brother Charlie seem to so strongly individuate and establish the identity of the wearers of certain shoes as being Charlie McElroy and this appellant as to justify the jury in their conclusion of guilt. In following the tracks of the men who went away from Mr. Castle's chicken house, places were observed where sacks of something had been set on the ground and red chicken feathers were observed. Two witnesses testified that where the sacks were set down on the ground they noticed the marks of chicken feet as though they had come through the sacks. The chickens lost by Mr. Castle were Rhode Island reds. The shoes of appellant when arrested the next morning displayed a broken place under one sole, and a gap out on the inside edge of the other sole, and under the heel of this shoe a little washer was found to be loose. Each one of these marks was found in the tracks, and when the shoes were fitted in the tracks there was exact correspondence. Appellant cites the case of Powell v. State, 100 Texas Crim. Rep., 43. In that case the judgment was affirmed, and we upheld the admission of testimony in regard to tracks. We think the announcement in that case sound that strictness in testimony would be required where the state relies for identification of the accused as the guilty party upon tracks. We are constrained to believe, however, that in the case before us application of this rule would not require a reversal of the case.

The case was submitted to the jury on the law of circumstantial evidence. That two parties were out near Castle's in a car belonging to appellant's brother Charlie, and that they went from the car to Castle's chicken house on the night of the alleged theft, and that chickens were stolen and carried away

from said chicken house by two parties whose tracks made in the soft dirt were followed for a long distance with the constant appearance therein of such markings as to practically settle the question of who made the tracks, appears without much dispute from the record. The other brother, L. C.—upon whose shoulders appellant endeavored to saddle the crime—was a much larger man than either appellant or Charlie, and there was no sort of effort made by the appellant to show similarity in any tracks of shoes belonging to L .C. with those found near the scene of the theft.

Deeming the evidence sufficient, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we confused the relationship of the parties and referred to L. C. McElroy as a brother of appellant instead of his nephew. The opinion has been corrected so to show.

We are in accord with appellant in the belief that the statement found in Powell v. State, 100 Texas Crim. Rep., 43, 271 S. W., 913, is correct, wherein it was said: "* * * Where the state has relied largely upon the similarity of tracks * * * for identification of the accused as the party connected with the crime, this court has required much strictness in testimony before holding it sufficient to identify the accused as the guilty party."

The decision in Powell's case turned on other evidence than tracks. However, frequent application has been given to the rule above quoted. One of the strongest cases, perhaps, in line with appellant's contention is Warren v. State, 52 Texas Crim. Rep., 218, 106 S. W., 132; in which the judgment was reversed on the insufficiency of the evidence. We have again carefully reviewed the facts of the present case in the light of appellant's renewed insistence that the evidence is not sufficient to identify appellant as one of the guilty parties. It had rained early in the night; the soil was of that character which seems to have recorded accurately any impression on it. So susceptible was it that the marks of sacks where they were set down were clearly discernible, and even the prints of the chickens' toes through the sacks were discoverable on the ground. Every distinguishing peculiarity of the shoe tracks compared with exactness to appellant's shoes when fitted in them. The sheriff, who seemed to be a perfectly fair witness, said: "* * * The ground was damp and the tracks were mighty plain * * * On

S. W.'s shoes (appellant) the right heel, about the center tack was worn. That tack would make an imprint in each place we tried it. There was a little nick out on the inside edge of the sole of the left shoe. All that showed up in the tracks just exactly like a picture. The marks fit accurately in each case."

The size and shape of appellant's shoes compared with the tracks not only by measurement, but also when placed in the tracks. L. C. McElroy, the nephew, to whom appellant pointed in his evidence as having made the tracks, was much larger than appellant and wore a shoe two sizes larger than those worn by appellant. A number nine shoe would scarcely leave a number seven track.

We are constrained to adhere to our original opinion that we would be unauthorized to disturb the jury's verdict under the circumstances presented in the present record.

The motion for rehearing is overruled.

*Overruled.*