## J. B. FARR v. THE STATE.

No. 18112. Delivered April 22, 1936.

The opinion states the case.

*W. D. Benson, Jr.*, of Lubbock, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the testimony which consists entirely of circumstances is insufficient to warrant and sustain his conviction. We think that he is correct and that his contention must be sustained. The substance of the State's testimony is that on the 10th day of December, 1934, some person or persons entered a cellar belonging to C. J. Wynn by breaking a lock on the door and took therefrom twenty sacks of Sudan grass seed. The next day the officers discovered some tracks made by an automobile. These tracks indicated that the automobile had three old tires and apparently one new tire.

Appellant was not found in possession of any of the alleged Sudan grass seed, nor was it shown that he ever sold any except by the testimony of Fred L. Harper, who was charged to be an accomplice witness, and testified that on or about the 12th day of December, 1934, appellant asked him, Harper, to sell three sacks of Sudan grass seed for him, which he, Harper, did. Even though Harper's testimony is true, there is nothing to show from whom appellant acquired possession of the three sacks of seed, nor where they came from, nor that it was any of the seed which was taken from Mr. Wynn's cellar. There was some Sudan grass seed found in appellant's car, but he explained the presence of the seed in his car by stating that along about Thanksgiving his brother hauled several sacks of Sudan grass seed in his, appellant's, car to Lubbock and sold them. The sack which the district attorney obtained at the Acme Seed Company was not identified by anyone as a sack in which Harper carried Sudan grass seed to Lubbock and sold them to the Acme Seed Company; nor is there any testimony to show who carried the sack to the

Acme Seed Company. It was not identified as any sack which had been taken from Mr. Wynn's cellar. We are of the opinion that the testimony adduced upon the trial of this case does not exclude every reasonable hypothesis except the guilt of the appellant, and, therefore, is insufficient to justify his conviction. The law requires a greater degree of proof than a mere probability or a strong suspicion. See Johnson v. State, 36 Texas Crim. Rep., 394; Warren v. State, 52 Texas Crim. Rep., 218; Bowen v. State, 60 Texas Crim. Rep., 595.

Therefore the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.