## A. B. BAUGH V. THE STATE.

No. 19572. Delivered March 30, 1938.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of cattle theft, and given a prison sentence of two years.

On July 21, 1937, Mr. Bob Christian lost a two-year-old steer. Seven days thereafter he, in company with others, followed cow tracks that he testified were his steer's tracks, which were accompanied by a man's tracks, which he testified exactly fit appellant's shoes, through five fences into appellant's field. On the 24th of July Mr. Christian went to a hide buying storage house and identified one out of three exhibited red hides as having come off his steer, and then to an ice storage company and identified a carcass of a beef as being the same size and type carcass as his red steer. It was shown also that appellant had sold a red hide to the hide buyer, and had stored this carcass for one Hobart Powers, who testified that he bought a good many beeves from Mr. Baugh, and the hide buyer also testified that he had bought a good many hides from appellant.

This is all the testimony of any kind to connect the appellant with the theft of this steer. The hide had no distinguishing

marks of any kind on it; it was all red—no spots of any description. Mr. Christian testified: "I did not take my hide just because it was a red hide; I took it because I knew it. I knew the hide when I seen it, just the same as I knew the yearling; I knew the color of it. As to whether there was any distinguishing mark of identification on that yearling anywhere that I could distinguish it from any other red yearling, I will say, no more than the red color that it was. * * * There were no spots on this hide anywhere. * * * I saw some light red and some dark red hides [there]. * * * That is the hide that came off of my red steer that I had and that I missed."

Mr. L. D. Hughes, the hide buyer who bought a hide from appellant on the 21st of July, when asked to identify the hide produced in court, testified: "I was asked to bring the hide that I purchased from Mr. Baugh in the courtroom. As to whether I can state whether or not that is the hide that I purchased from Mr. Baugh, I will say, well, that I can't do, because we buy red hides—several right red hides, and whenever they are salted down, I don't know whether I could identify them or not. * * * There was probably fifteen or twenty hides there that we had bought that day. * * * I did buy a red hide from Mr. Baugh. As to my telling the jury how this hide compares in color with the hide that I bought from Mr. Baugh on the 21st of July, I will say, it is a deep red hide,—the same color."

We have thus set out the pertinent testimony at length on account of the fact that this is a case based on circumstantial evidence, and rather improbable evidence, and we are impressed with its weakness.

Mr. BRANCH in his Annotated P. C. says, in Section 1877, page 1042, relative to circumstantial evidence: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him," and cases there cited; also see Reed v. State, 22 S. W. (2d) 456.

That where testimony of tracks and their identification is relied upon, where no peculiarity is noticed and comparison only as to size is made, the Court recognizes an element of an uncertainty therein, and where the case is one of circumstantial evidence it requires more certainty than in an ordinary case. We quote from Ennox v. State, 94 S. W. (2d) 473, which is

a quotation from Powell v. State, 100 Texas Crim. Rep. 43, 271 S. W. 913:

" 'Where the State has relied largely upon the similarity of tracks found at the scene of a crime, and other tracks found later or made by appellant, or upon measurements of appellant's footwear, and the tracks found at the scene, for identification of the accused as the party connected with the crime, this Court has required much strictness in testimony before holding it sufficient to identify the accused as the guilty party.' See, also, Maxwell v. State, 109 Texas Crim. Rep. 533, 5 S. W. (2d) 991; Steed v. State, 101 Texas Crim. Rep. 525, 276 S. W. 281; Carlisle v. State, 107 Texas Crim. Rep. 408, 296 S. W. 889; Warren v. State, 52 Texas Crim. Rep. 218, 106 S. W. 132; Harrison v. State, 16 Texas App. 325. Other cases will be found annotated in Texas Jurisprudence, Vol. 18, under Section 331, p. 454, and Branch's Ann. Texas P. C., Sec. 143, p. 82."

Omitting the question of tracks, and their meager identification, and the ability of the witness to identify a red hide, it seems to us that the proof of the fact that appellant sold the hide that Mr. Christian identifies as his is totally lacking. No chain is stronger than its weakest link, and in our opinion this chain of circumstances has too many weak links therein to be used as the means of depriving any citizen of his liberty. There are other hypotheses that could be reasonably indulged in from the facts than the appellant's guilt, and we accordingly reverse the judgment and remand this cause on the insufficiency of the testimony.