## TALMADGE LINCH V. THE STATE.

No. 20350. Delivered April 12, 1939.

The opinion states the case.

*L. G. Mathews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of property under the value of $50.00; the punishment assessed is a fine of $25.00 and confinement in the county jail for a period of four months.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The record shows that Tom Boyd, on or about the 18th day of September, 1938, missed some lights and two generators from his tractor which was located in his field. Boyd discovered foot tracks coming from the road into the field and followed them to the road, where he found some automobile tracks near the fence. The officers went to appellant's home and made a search, but failed to find any of the stolen property. They asked him if he would drive his car to the road near Boyd's field, so that the automobile tracks might be compared, and to place his shoe in the tracks found leading from the road to the tractor, which he did. Mr. Boyd and the officers testified that the automobile tracks and the shoe tracks were both very similar. On the next day, appellant in a conversation with Boyd asked him: "If I can find the stuff and bring it back, will you still prosecute me?" Boyd answered that he would have to see the sheriff's department. Appellant then talked to the sheriff, making a similar inquiry, but the sheriff told him they could not make him any promises.

In the early part of November, Fred Whatley, while working on a fence about half way between the Boyd field and the Linch home, stumbled over the allegedly stolen property lying in the weeds in Jones' pasture.

This is, in substance, all the evidence adduced by the State. Appellant testified in his own behalf and denied stealing the property. We are of the opinion that the evidence is insufficient and appellant's contention should be sustained. The human tracks found leading from the road to the tractor revealed no peculiarities, they were merely tracks made by a shoe of about the same size as appellant's. The automobile tracks found near the fence were made by a car with smooth tires on the front wheels, but the evidence shows that many automobiles in that section of the country have tires on the front wheels that are worn smooth. Consequently this evidence has no probative value. Furthermore, although appellant's premises were searched on the same day that the property was discovered to have been taken, none of it was found. The promise which appellant sought to obtain from Boyd and the sheriff occurred after appellant's premises had been searched and the tracks had been compared, and he was probably thereby lead to believe that they would prosecute him. This fact alone would not show

that he committed the theft, any more than it might show that he had some knowledge that someone else committed it. A person may know that another committed an offense and yet not have any connection therewith. It occurs to us that under such circumstances it could hardly be seriously contended that the evidence was sufficient to establish appellant's guilt beyond a reasonable doubt.

It is the well established rule in this State that a conviction on circumstantial evidence will not be sustained if the circumstances proved do not exclude every other reasonable hypothesis except that of defendant's guilt. Proof which only amounts to a strong suspicion or mere probability is not sufficient to support a conviction. Each fact in the chain of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt, and all the circumstances taken together must exclude every other reasonable hypothesis except the guilt of the accused. We do not believe the evidence in the instant case meets the requirement of the law. In support of the conclusion reached, see Bayless v. State, 250 S. W., 687; Jacks v. State, 109 S. W. (2d), 762; Branch's Ann. P. C. Sec. 1877, p. 1042.

There is also a complaint made to the action of the county attorney in his closing argument testifying to facts not proved. Prosecuting attorneys should confine their argument to a discussion of the testimony. In view of the disposition, we do not deem it necessary to consider the other matters raised.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.