ALLEN KITCHENS v. THE STATE.

No. 22374. Delivered January 20, 1943.

The opinion states the case.

*Nat Gentry, Jr.,* and *J. Y. Gray,* both of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the crime of arson, and sentenced to a term of two years in the penitentiary.

There are no bills of exception in the record.

The facts show the following: Appellant's wife was the owner of a 40 acre tract of land, evidently in a proven oil field. She had obtained the same in a division of a larger 160 acre tract, which larger tract had been previously leased to the Sun Oil Company for oil exploration. An adjoining 40 acre tract had been drilled and oil obtained therefrom, and there were two metal storage tanks on such adjoining tract in which crude oil was stored as same was taken from the wells on such tract. On the night of December 31, 1941, tank No. 1 on such lease was destroyed by an explosion and by fire. These two tanks called No. 1, the one destroyed, and No. 2 were located close together, and near the top same were connected by an overflow pipe, which came into use automatically in the event one tank was filled to overflowing, the excess being saved by this pipe carrying the same into the adjoining tank. On the morning after the explosion at night appellant was seen in a drunken condition at the cross fence between his wife's property and the property whereon the tanks were located with a shot gun in his possession and endeavoring to place a post in the road connecting the two tracts. He had previously used some language relative to the Sun Oil Company and its failure to drill his wife's land which evidenced malice and hatred.

Appellant was arrested by the officers, and upon examination they found some fresh tracks leading from appellant's house through the fences towards the destroyed tank, which

tracks were not evident near the tanks, the character of such soil being different near the tanks. Appellant's feet and shoes were placed in such tracks and they fitted. The tanks had certain holes or hatches in the tops thereof, with a cover thereon. The unexploded tank was found to have been opened at such hatch, and there was found in the bottom thereof some cheese cloth which had been partially burned, and ashes and partly burned cheese cloth and some matches, some burned and some unlighted were found near the burned tank. The tracks, beginning at the back door of appellant's home, led through two fences and continued to a point near the burned tank, and were again found leading back towards appellant's home; and where the person making the tracks evidently passed through two barbed wire fences pieces of cheese cloth were found adhering to the barbs on such fence. There was a clothes pin found near the unburned tank and a piece of string. The officers found similar string on appellant's gun, similar cheese cloth and similar clothes pins on his clothes line, and similar matches in his pocket. An expert from the Public Safety Department testified that such articles as the cheese cloth, the clothes pins and the matches found at the scene of the explosion were similar to the ones found on appellant and his premises, but he could not say they were the same, although similar in weave, texture and probable age. He also said that the equalizing pipe between the two tanks could have carried the heat from tank No. 2 to tank No. 1 and exploded tank No. 1; however lightning could have also produced the same results, and it was shown to have been cloudy and raining the night of the fire.

Appellant proved by his wife that she heard the noise of the explosion which occurred after midnight. That her husband came home about midnight too drunk to undress; that she undressed him and put him to bed about one and a half hours before the explosion; that he was in bed when the explosion occurred.

Appellant's drinking companion testified that he and appellant, on the night in question, had visited different drinking places, and that he brought appellant home about 11:30 and left him at his house.

The trial court submitted this cause to the jury upon circumstantial evidence, and told them, among other things, that: "It is not sufficient that the circumstances coincide with, account for, and, therefore, render probable the guilt of the de-

fendant, but they must exclude every other reasonable hypothesis except that of the defendant's guilt; and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty."

While the circumstances proven herein unquestionably raise very decided suspicions relative to some one having set this tank afire, and all the testimony adduced points either to appellant or some one coming from his house and setting the destroyed tank afire, yet we do not think such proof excludes every other reasonable hypothesis than that of appellant's guilt. True, we do have a motive upon his part, and the similarity of foot prints leading toward the destroyed tank, but no further than a close proximity do the tracks go. The cheese cloth is but similar to thousands of yards of other cheese cloth; the matches but similar to any other penny box matches, and the clothes pins to many others of similar make. Again some one from appellant's home might have destroyed the tank, but it is not shown that there were no others there save himself and wife. Suspicious circumstances are not enough upon which to base a conviction; they must exclude every other reasonable hypothesis than his guilt. This we think these circumstances fail to do. So believing, the judgment is reversed and the cause remanded.