CHARLES JUNIOR DINGLER V. STATE.

No. 30,906. October 28, 1959.

*John W. L. Hicks,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevara, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for aggravated assault, with a prior conviction alleged for enhancement; the punishment, 120 days in jail and a fine of $100.00.

The information charged that appellant, an adult male, committed an aggravated assault upon a female.

The evidence shows that the assaulted party was the wife of the appellant, age 26, and that they were alone in their home after 5:30 p.m. when the alleged offense was committed.

The testimony of the state shows that a neighbor heard a commotion and screaming in appellant's house. The landlord was called. Then the police were called. When the officers arrived, a neighbor of the appellant talked with them, and then as they started toward appellant's house, they met Mrs. Dingler who was running and screaming. She was bleeding, appeared to be injured and was crying and said "he is trying to kill me."

The state in making its case in chief called appellant's wife as a witness. She testified that she had been drinking vodka all afternoon and was intoxicated when she ran from the house; that she had fallen while standing in the bathtub which caused her injuries; that she refused the aid offered by her husband because she was mad at him and left the house to call an ambulance and go to the hospital. She stated that she and her husband had been arguing and fussing because she was intoxicated and had not prepared food for supper. She denied that her husband struck her or in any manner inflicted any injuries upon her but said such injuries were caused by her falling in the bathtub.

Appellant testifying in his own behalf stated that he arrived home about 5:30 p.m.; that his wife had been drinking and she had not prepared food for supper; and that they began arguing and his wife began running through the house, slamming doors and hallooing. He denied striking his wife or inflicting any injuries upon her.

The wife's statements to the officers in connection with the neighbor's testimony strongly points to appellant as the person inflicting the injuries upon her. But her testimony when called by the state as a witness does not show any assault upon her by him.

In Phillips v. State, 164 Texas Cr. Rep. 78, 297 S.W. 2d 134, we said:

"It is a well recognized principle of law in this state that, to sustain a conviction, it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Branch's Ann. P.C., 1st Ed., Sec. 1877, Page 1042; Clifton v. State, 39 Texas Cr. Rep. 619, 47 S.W. 642; Hilson v. State, 101 Texas Cr. Rep. 449, 276 S.W. 2d 272; Owens v. State, 112 Texas Cr. Rep. 270, 16 S.W. 2d 239; Baugh v. State, 134 Texas Cr. Rep. 216, 115 S.W. 2d 411; and Townsend v. State, 141 Texas Cr. Rep. 217, 147 S.W. 2d 1092."

Because the evidence is insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.