**Ira GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35191.

Court of Criminal Appeals of Texas.

April 3, 1963.

A. L. Lowery, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the unlawful possession of intoxicating liquor for sale in a dry county; the punishment, a fine of $150.00.

The evidence reflects that Deputy Sheriffs B. F. Mayfield and Joe Mitchell and Liquor Control Officers James Toon and Jerry Jones went to the appellant's home between Chireno and San Augustine, Texas. They informed him that they had "some complaints on him" and requested and received permission to search his farm.

Officer Toon testified that he followed a "jeep trail" that went about three-fourths of a mile down through the appellant's place past a "gap" toward the river, and then turned off into a heavily wooded area where it crossed a fence line. Approximately 20–30 yards past the fence he found 24⅘ths quarts of wine concealed under a tarpaulin. Approximately three or three and a half steps from this, he found a receipt for some chicken feed made out to the appellant.

Another cache of liquor (this time whiskey) was found on the south side of the San Augustine-Nacogdoches highway, approximately 300 yards north and east of the appellant's house. The whiskey was one-half a mile from the wine in the same wooded area.

Officer Toon testified that he observed jeep tracks leading to the wine, and "the same tracks" coming within 30 feet of the whiskey.

The appellant readily admitted ownership of a jeep, but offered testimony showing that the liquor was not found on his premises; that the road was used by many people in traveling to the river below his farm; and that there were two other houses between his and the river. It was also shown that at least one other jeep regularly operated in that area, and that a number of people in the vicinity owned jeeps.

The appellant, testifying in his own behalf, admitted that he traded at the feed store from which the feed receipt was issued; that he had many such receipts around his chicken houses; and that this one must have blown from there or from his jeep.

■ We note in passing that the court did not charge on circumstantial evidence and no objection was levied or requested charge presented by the appellant. Yet this is a case of circumstantial evidence, and "when the evidence shows equal opportunity of others to possess the liquors charged to have been possessed by the accused, the State's case, in order to be sufficient to convict on circumstantial evidence, must disprove this hypothesis." 33 Tex.Jur.2d, Intoxicating Liquors, Sec. 124, p. 256.

■■ It is well established that:

"Proof which only amounts to a strong suspicion or mere probability is not sufficient to support a conviction. Each fact in the chain of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt, and all the circumstances taken together must exclude every other reasonable hypothesis except the guilt of the accused." Linch v. State, 136 Tex.Cr.R. 536, 127 S.W.2d 199, 200. Burris v. State, 168 Tex.Cr.R. 375, 327 S.W.2d 756.

Reduced to its final analysis, the State's case rests on finding jeep tracks near the two caches of liquor, along with a receipt for chicken feed made out to the appellant.

■ The testimony as to the tracks is most incomplete. No plaster casts were taken of the tracks and tires of appellant's jeep, for comparison; no identifying marks were observed to show that they were the same. The tracks were made by "knobbies," a mud-grip tire in popular use in that area. The only thing to show a connection between the appellant's jeep and the tracks was the testimony of Officer Toon that they appeared similar to him. This does not meet the standards long followed by this Court. "* * * (M)ere similarity of tracks, standing alone, is not sufficient to connect one with the commission of crime." Dodd v. State, 149 Tex.Cr.R. 278, 193 S.W. 2d 819, 820. See also Harris v. State, 163 Tex.Cr.R. 519, 294 S.W.2d 123; Gilbreath v. State, 158 Tex.Cr.R. 616, 259 S.W.2d 223; Thomas v. State, 148 Tex.Cr.R. 526, 189 S.W.2d 621; Kitchens v. State, 145 Tex.Cr. R. 272, 167 S.W.2d 762, 763; Linch v. State, 136 Tex.Cr.R. 536, 127 S.W.2d 199; Ennox v. State, 130 Tex.Cr.R. 328, 94 S.W.2d 473; Powell v. State, 100 Tex.Cr.R. 43, 271 S.W. 913; 24 Tex.Jur.2d, Evidence, Sec. 734, p. 414; 1 Branch's Ann.P.C., 2d Ed., Sec. 166, pages 169 and 170.

This leaves the question of whether the receipt sufficiently connects the appellant to the liquor to show his possession thereof.

In Hill v. State, Tex.Cr.App., 334 S.W.2d 303, the investigating officers found the appellant in an apartment where six 32-ounce containers of beer were located. Near the apartment they found a quantity of intoxicants in a parked car. At the police station,

the officers discovered papers on the appellant's person which listed certain well known brands of liquor along with notations as to quantity, size and amount. The papers were not shown to be in the appellant's handwriting, nor was his name on any of them.

It appears that another person was in control of the apartment and the car registered in the name of another. However, the name found on the papers in appellant's person corresponded to the name of the person shown to have title to the automobile—W. M. Hunter. Additionally, the address given on the title was the same as the apartment where the appellant was found. The Court, in reversing noted:

> "We have concluded that the facts, viewed from the standpoint most favorable to the State, are not sufficient to support the jury's verdict that appellant had the intoxicants found in the automobile in his care, control and custody. This is a circumstantial evidence case, and the State did not overcome the outstanding hypothesis that the unidentified woman who claimed to be in charge of the apartment where the first beer was found may also have been exercising control over the intoxicants found in the automobile or that Washington or Hunter may have possessed it."

Here, we have a paper with the appellant's name on it, but not signed or acknowledged by him. The appellant did not positively identify it, but only admitted having many like it on his premises.

 The finding of the receipt does cast strong suspicion on the appellant, but it does not meet the legal test in circumstantial evidence cases.

We additionally note that there was no attempt to show that the other residents near the area or Mr. Burch, who regularly traveled the road in a jeep similar to appellant's, did not possess the liquor. See Maddox v. State, 156 Tex.Cr.R. 151, 240 S.W.2d

319. No liquor or empty bottles were found on the appellant's premises. See Hargis v. State, Tex.Cr.App., 360 S.W.2d 881. Nor was any attempt made to show a sale by the appellant. See Burris v. State, supra.

Finding the evidence insufficient to support the jury's verdict, the judgment is reversed and the cause remanded.